OCHOA, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN,
SECCIÓN 2ª., RECURRIDO

RECURSO gubernativo interpuesto contra nota del Registrador
de la Propiedad de San Juan, Sección 2ª. denegando la
inscripción de una escritura de hipoteca.

No. 380.—Resuelto en diciembre 16, 1918.

PRÉSTAMOS — ACTOS DE ADMINISTRACIÓN — ACTOS DE RIGUROSO DOMINIO — MAN-
DANTE—MANDATARIO—FACULTADES DEL MANDATARIO.—Teniendo en cuenta la
letra y el espíritu del artículo 1615 del Código Civil Revisado, el acto de dar
dinero a préstamo con hipoteca a favor del acreedor, es de administración v
no de riguroso dominio; y por tanto, para la inscripción de la hipoteca en el
registro no es necesario acreditar que el mandatario estaba facultado expre-
samente por el mandante para ejercitar dicho acto.

MANDATARIO—MANDATO—PRESENTACIÓN DEL MANDATO EN EL REGISTRO—DEFECTO
SUBSANABLE.—Constituye defecto subsanable en el caso expresado el no acre-
ditarse por el mandatario su nombramiento como tal.

ESTADO CIVIL—NOMBRE DEL CÓNYUGE OMITIDO EN LA INSCRIPCIÓN—DEFECTO SUB-
SANABLE—SUBSANACIÓN DE DEFECTOS—ACTA MATRIMONIAL.—Cuando del regis-
tro no aparece el nombre del cónyuge al tiempo de adquirir la finca hipote-
cada, existe un defecto subsanable que puede corregirse presentando en el
registro la copia certificada de la correspondiente acta matrimonial.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco Soto Gras.*

El registrador interino recurrido, Sr. Manuel Paz Urdaz,
compareció por escrito.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Por escritura pública No. 63 otorgada en 24 de mayo de
1918 ante el notario Francisco Soto Gras, Adolfo Valdés y
Ordóñez, como mandatario de Dolores Ochoa y de Albornoz,
de estado casada, sin que en dicha escritura se inserte po-
der alguno otorgado a favor de Valdés ni tampoco haya sido
presentado en el registro de la propiedad, y los esposos Fran-
cisco Serrano Matos y Pilar Zayas Dones, concertaron una
operación de préstamo recibiendo dichos consortes de Adolfo
Valdés y Ordóñez en concepto de tal mandatario, la cantidad
de $5,000, cuyo pago fué garantizado por los consortes Se-
rrano Matos y Zayas Dones con hipoteca a favor de la acree-

dora Dolores Ochoa y de Albornoz, sobre dos fincas rústicas que se describen en la expresada escritura.

Presentado el documento en el Registro de la Propiedad de San Juan, Sección 2ª., para su inscripción, el registrador la denegó por medio de nota que dice así:

"Denegada la inscripción de la hipoteca que comprende este documento por observarse que si bien la hipoteca no necesita la aceptación del acreedor conforme al artículo 138 de la Ley Hipotecaria, no resulta acreditado que el mandatario Adolfo Valdés Ordónez se halle facultado expresamente por la mandante Doña Dolores Ochoa de Albornoz para dar dinero a préstamo de la propiedad de esta señora, la cual facultad constituye un acto de riguroso dominio, teniendo en cuenta lo dispuesto en el artículo 1615 del Código Civil y los principios establecidos por el Hon. Tribunal Supremo en la resolución de 5 de abril de 1910, tomo 17 de las Decisiones de Puerto Rico, página 434, habiéndose en su lugar, y en cumplimiento de la Ley de 10 de marzo de 1902, extendido anotación preventiva por término de ciento veinte días * * * anotaciones letras B y A respectivamente. Tales anotaciones han sido verificadas además con el defecto subsanable de no haberse acreditado en legal forma que Pilar Zayas Dones, quien juntamente con su esposo Francisco Serrano Matos ha constituído la hipoteca, sea la misma señora con quien estaba casado el referido Francisco Serrano Matos en la fecha de la adquisición del solar de la finca letra A y en la fecha en que adquirió también la finca de la letra B. * * * San Juan, Puerto Rico, junio 22 de 1918. Manuel Paz Urdaz, registrador substituto."

La nota transcrita ha sido recurrida para ante esta Corte Suprema por la representación de Dolores Ochoa y de Albornoz.

El artículo 1615 del Código Civil y la resolución de esta Corte Suprema en el caso de *Villar* v. *El Registrador de la Propiedad,* 17 D. P. R. 434, no son aplicables al presente caso.

El artículo 1615 que dejamos citado, en la parte atinente dice así:

"El mandato concebido en términos generales no comprende más que los actos de administración. Para transigir, enajenar, hipotecar o ejecutar cualquier otro acto de riguroso dominio se necesita mandato expreso."

Entendemos que el acto de dar dinero a préstamo es administrativo y no de *riguroso dominio,* en el sentido que debe darse a esas palabras, teniendo en cuenta la letra y espíritu del artículo transcrito. Hay, además, gran diferencia entre tomar dinero a préstamo que es el caso a que se refiere nuestra resolución anteriormente citada, y dar dinero a préstamo, como así lo revelan la naturaleza y efectos de esos actos.

En vista de las anteriores razones llegamos a la conclusión de que el registrador debió verificar la inscripción del derecho hipotecario de que se trata; y como el poder del mandatario Adolfo Valdés y Ordóñez no fué presentado al registro, procedía la inscripción con el defecto subsanable de no haberse acreditado el nombramiento y facultades del mandatario.

En cuanto al defecto subsanable apuntado en la nota recurrida, alega la parte recurrente vaguedad en su expresión pues se hace imposible determinar si el motivo del defecto consiste en no haberse acreditado cuál fuera la esposa del deudor en la fecha de la adquisición de los bienes hipotecados, o si el registrador entiende que aún constando en la adquisición primitiva el nombre de la esposa debe comprobarse el hecho del matrimonio, o si por último lo que se exige es que se pruebe la identidad de los cónyuges.

Parécenos que la nota del registrador es clara sobre el particular expuesto, pues sólo exige la justificación de que Francisco Serrano Matos estaba casado con Pilar Zayas Dones en la fecha de la adquisición de las fincas a que se refiere el registrador.

Dicho defecto, que realmente existe, es susceptible de ser corregido mediante prueba sencilla, como ya dijimos al resolver el caso de *Delgado* v. *El Registrador de San Germán,* 23 D. P. R. 704, y la manera más rápida y satisfactoria de hacerlo es la presentación del documento que acredite la celebración del matrimonio.

Es de revocarse la nota recurrida, ordenándose la inscripción de la escritura de que se trata con el defecto subsa-

nable de no haberse acreditado el nombramiento y facultades del mandatario y el otro defecto también subsanable apuntado por el registrador en la dicha nota.

> *Revocada la nota recurrida, ordenándose la inscripción solicitada con el defecto subsanable de no haberse acreditado el nombramiento y facultades del mandatario y el otro defecto también subsanable apuntado por el registrador en la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.