Francisco Olivencia Velázquez, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

Núm. 1149.—*Sometido:* Octubre 2, 1944. *Resuelto:* Noviembre 9, 1944.

*E. López Acosta,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Francisco Olivencia Velázquez presentó en el Registro de la Propiedad de San Germán una instancia bajo juramento solicitando, entre otros extremos, la cancelación de un defecto subsanable consignado en la inscripción de una finca que el peticionario había adquirido de don Ulises Gregory Lloréns. El defecto consiste del hecho de no haberse acreditado que Josefa Sanmiguel Lugo era la esposa del Sr. Gregory Lloréns cuando éste adquirió la finca en el año 1904. A la instancia solicitando la cancelación el peticionario acompañó una certificación expedida por el Registrador Demográfico de San Germán acreditativa del matrimonio de Ulises Gregory Lloréns y Josefa Sanmiguel Lugo celebrado el 18 de diciembre de 1903.

El registrador inscribió dicha instancia en cuanto a otros extremos y denegó la subsanación del defecto a virtud de una nota que dice así:

DENEGADA la subsanación del defecto subsanable que el mismo comprende y se relaciona bajo el núm. 3 por observar que refiriéndose dicho defecto al estado civil del señor Gregory Lloréns, *son los tribunales de justicia los llamados a entender en y ordenar la subsanación del mismo,* todo según lo preceptúa el art. 388–D de la Ley Núm. 106 de 12 de mayo de 1937, no siendo suficiente la instancia autenticada que se acompaña y la partida de matrimonio de Ulises Gregory Lloréns y Josefa Sanmiguel Lugo, que también se acompaña, por lo que tomo en su lugar anotación preventiva por el término legal a favor del peticionario de su derecho . . .''

Para revisar esta nota el peticionario estableció el presente recurso.

El artículo 388-D de la Ley Hipotecaria (adicionado por la Ley número 20 de 9 de julio de 1936, Leyes de

1936, Sesión extraordinaria, pág. 153, y enmendado luego por la Ley núm. 106 de 12 de mayo de 1937, Leyes de 1937, pág. 254) citado por el registrador en apoyo de su nota, dispone lo siguiente:

"Artículo 388–D.—Cualquier persona natural o jurídica que tenga inscritos a su favor bienes inmuebles o derechos reales sobre los mismos, en cuyas inscripciones se hayan consignado defectos subsanables; con motivo de los cuales no se hubiese iniciado ni estuviese pendiente de sentencia final algún procedimiento judicial, *y que por cualquier razón no pudiesen subsanarse o fuesen de difícil subsanación,* después de transcurridos diez años a contar desde la fecha en que fuera consignado el defecto, *si el mismo se refiriera a la capacidad legal o al estado civil de las partes* en el acto o contrato objeto de inscripción, o en cualquier tiempo después de la consignación de tal defecto, si el mismo se refiriese a cualquiera otra circunstancia, *podrá* comparecer por medio de una petición escrita ante la corte de distrito donde radique la propiedad o parte de ella, describiendo en dicha petición los bienes inmuebles o los derechos reales inscritos y la naturaleza del defecto o defectos consignados, solicitando la cancelación de dichos defectos.

"No obstante lo dispuesto en el párrafo precedente, los Registradores cancelarán de oficio o a instancia de parte, libre de derechos, cualquier defecto subsanable que *no se refiera a la capacidad legal o al estado civil de las partes* en el acto o contrato objeto de la inscripción, siempre que hayan transcurrido diez años desde la fecha en que el defecto fuese consignado, si con motivo del mismo, no estuviere pendiente de sentencia final algún procedimiento judicial, ni se iniciare algún otro, dentro de 3 meses, a contar de la fecha de la aprobación de esta Ley.

"Cuando a juicio de los Registradores cualquier defecto subsanable hubiese quedado subsanado por otros asientos practicados en los libros del registro, procederán a subsanarlo de oficio o a instancia de parte, libre de derechos." (Bastardillas nuestras).

Para una debida determinación de la intención legislativa al enmendar, en el año 1937 el artículo 388-D que había adicionado a la Ley Hipotecaria, por primera vez en el año 1936, veamos como estaba redactado dicho artículo originalmente. Decía así:

"Artículo 388-D.—Cualquier persona natural o jurídica que tenga inscritos a su favor bienes inmuebles o derechos reales sobre los mismos, en cuyas inscripciones se hayan consignado defectos subsanables, con motivo de los cuales no se hubiese iniciado ni estuviese pendiente de sentencia final algún procedimiento judicial, *y que por cualquier razón no pudiesen subsanarse o fuesen de difícil subsanación*, siempre que los mismos no se refieran a la capacidad legal o al estado civil de las partes en el acto o contrato objeto de la inscripción, *podrá* comparecer por medio de una petición escrita ante la corte de distrito competente describiendo en dicha petición los bienes inmuebles o los derechos reales inscritos, y la naturaleza del defecto o defectos consignados, solicitando la cancelación de dichos defectos." (Bastardillas nuestras).

Con anterioridad al año 1936 esta corte había ya establecido la doctrina en el sentido de que: "Cuando del registro no aparece claramente el nombre de la esposa del vendedor al tiempo de adquisición de la finca vendida, constituye esto una falta subsanable que puede ser corregida mediante la presentación en el registro, por la parte interesada, de copia certificada de la correspondiente acta matrimonial". *Syllabus* de *Ortiz* v. *Registrador,* 23 D.P.R. 702. En los casos de *Delgado* v. *Registrador,* 23 D.P.R. 704, y *Ochoa* v. *Registrador,* 26 D.P.R. 783 al ratificar la doctrina, esta corte dijo que: "el defecto es susceptible de ser corregido mediante prueba sencilla."

El artículo 388-D supra, tanto como originalmente fué adicionado en el año 1936, como en su enmienda de 1937, al referirse a la forma de obtener la cancelación de defectos subsanables mediante la intervención judicial, potestativamente pues se usa la palabra "podrá" en los casos que especifican, hace una excepción genérica y los limita a aquellos "que por cualquier razón *no pudiesen* subsanarse o fuesen de *difícil* subsanación." Es decir, cuando los defectos sean de fácil subsanación la parte interesada puede, al amparo tanto de este artículo como de la doctrina establecida en los casos citados, obtener la cancelación del defecto subsanable

de no haberse acreditado el matrimonio del adquirente mediante la prueba fácil de obtener, o sea la certificación del matrimonio.

Es para aquellos casos en los cuales, por cualquier razón, no pudiesen subsanarse o fuesen de difícil subsanación que se hace indispensable la intervención judicial. Por ejemplo, si se hubieren destruído o perdido los records del registro demográfico donde constaba inscrito el matrimonio es obvio que habría que obtener la prueba secundaria de ese hecho a través de una orden judicial.

Existiendo la certificación del matrimonio expedida por dicho registro en este caso ¿qué otra prueba sino esa misma certificación podría presentarse a la corte para acreditar el matrimonio? y la corte no haría otra cosa que ordenar la cancelación a virtud de la misma certificación que ahora tiene ante sí el registrador.

*Debe revocarse la nota denegatoria recurrida.*