RIVERA *v.* EL REGISTRADOR DE LA PROPIEDAD.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 94.—Resuelto en marzo 24, 1911.

INSCRIPCIÓN—CAPACIDAD DE LOS OTORGANTES.—Los registradores tienen el deber de calificar la capacidad de los otorgantes por lo que resulte de la escritura que para su inscripción se le presente, y si de ésta aparece que el vendedor es de estado viudo, y del registro no consta su estado civil, no pudiendo el registrador calificar la capacidad de dicho vendedor por no poder determinar si adquirió la finca siendo casado, procede denegar la inscripción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Vicente F. Rodríguez Ortiz.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Caguas la escritura núm. 27 otorgada en Coamo el 19 de febrero de 1891, ante el notario público Felipe Rodríguez, por José Antonio Ayala y Rodríguez, como apoderado de su padre Antonio Ayala y Rodríguez, y Leandro Ramos, sobre venta de una finca rústica, el registrador se negó a ello por medio de la siguiente nota, contra la cual se interpuso el presente recurso gubernativo.

"No admitida la inscripción del precedente documento por el defecto insubsanable de no constar del registro el estado civil del vendedor Don José Antonio Ayala y Rodríguez, y resultando del título que dicho vendedor es de estado viudo, no se puede calificar la capacidad

del expresado vendedor, pues pudiera ocurrir, como es más probable, que dicha finca la hubiese adquirido siendo casado, en cuyo caso el contrato de venta que se trata de inscribir sería nulo; habiéndose extendido en su lugar anotación preventiva por ciento veinte días al folio 211 del tomo 19 de Barros, finca número 1175 anotación letra A., con el defecto además subsanable de no describirse en el título por sus cuatro puntos cardinales las dos porciones de terreno que se tratan de agrupar.''

Estudiado cuidadosamente el caso, opinamos que la negativa está bien fundada.

El artículo 18 de la Ley Hipotecaria impone al registrador el deber de calificar bajo su responsabilidad la legalidad de las escrituras en cuya virtud se solicite la inscripción y la capacidad de los otorgantes por lo que resulte de las mismas escrituras.

Varia es la interpretación que se ha dado a la frase *por lo que resulte de las escrituras* empleada en el artículo 18 de la ley, dice Galindo en su Legislación Hipotecaria, tomo 2°., página 10, para determinar a qué datos se ha de ceñir el registrador al calificar el documento, o la capacidad de los otorgantes de aquéllas: y luego expresa su opinión, robustecida por resoluciones de la Dirección General de los Registros, en los siguientes términos:

''Para nosotros con la frase *por lo que resulte de las escrituras,* sólo quiso la ley evitar que el registrador juzgase por noticias particulares, de la capacidad de los otorgantes, y aunque de ciencia propia le constase la inexactitud contenida en el documento, y así lo confirman las resoluciones de 4 de mayo de 1883 y 18 de junio de 1898; pero esto no quiere decir que en todo caso el registrador haya de tener por probada la capacidad de los otorgantes, sólo porque el notario la afirme. V. Resolución de 30 de marzo de 1898, declarando que aunque el notario afirme que, a su juicio, tiene capacidad un viudo para vender una finca, el registrador puede y debe estimar no inscribible la escritura, si resulta del registro que tal finca la adquirió siendo casado, a título oneroso.''

Si en el presente caso el vendedor tiene realmente capacidad para otorgar la escritura, será bien fácil demostrarlo.

Y una vez destruído el obstáculo legal que existe, la inscripción se verificará sin dificultad alguna.

El recurso debe declararse sin lugar y confirmarse la nota recurrida.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.