CADILLA, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra resolución del Registrador de la Propiedad de Caguas.

No. 135.—Resuelto en febrero 7, 1913.

RECURSO GUBERNATIVO—DOCUMENTO NO PRESENTADO AL REGISTRADOR.—Este tribunal no puede considerar en un recurso gubernativo documentos que no consta que hayan sido presentados al registrador.

DEFECTOS SUBSANABLES—DESCRIPCIÓN DE LA FINCA PRINCIPAL.—Constituye un defecto subsanable el no aparecer del documento que se trata de inscribir, la descripción de la finca principal de donde se ha segregado el solar objeto de inscripción.

ID.—SOLAR—MEDIDA SUPERFICIAL.—Constituye defecto subsanable el no expre-
sarse en la escritura la medida superficial del solar objeto de inscripción.
No es bastante describirlo por sus colindancias y por el número de metros en
cada una de ellas.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El registrador no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Presentado en el Registro de la Propiedad de Caguas por
Ramón Cadilla Colón un documento notarial para su inscrip-
ción, puso al pie del mismo el registrador sustituto la si-
guiente nota:

"Inscrito el precedente documento al folio 130 del tomo 37 de
Caguas, finca número 1760, inscripción 1ª., con los defectos subsa-
nables de no describirse la finca principal de la cual procede el solar
donde enclava la casa edificada por el Señor Cadilla y Colón, y
el de no expresarse en dicho documento la medida superficial del
ameritado solar, cuyo último defecto está previsto en la resolución
dictada con fecha 20 de febrero de 1911, por el Tribunal Supremo
de Puerto Rico, en el recurso gubernativo Nº. 86 interpuesto por
Pascasia González versus el Registrador de la Propiedad de San
Juan, sección 1ª. Caguas, P. R., diciembre 7 de 1912."

Contra ella se ha interpuesto el presente recurso guber-
nativo, con objeto de que sea revocada en cuanto a los defec-
tos subsanables que menciona.

Dos son estos defectos: Primero, porque no se describe
la finca principal de la cual procede el solar donde está fabri-
cada la casa, y segundo, por no expresarse en el documento
la medida superficial de dicho solar.

El recurrente ha presentado en esta Corte Suprema con
el documento notarial que contiene la nota recurrida, unas
ordenanzas del Municipio de Caguas y certificación librada
por el secretario de aquel municipio, pero como no consta
que estos dos documentos fueron presentados al registrador
con el documento notarial para que los tuviera en cuenta al

resolver, no podemos considerarlos y prescindiremos de ellos. *Calenti* v. *Registrador,* 12 D. P. R., 8.

El documento que motiva este recurso hace constar que el Municipio de Caguas es dueño de un solar cuya descripción se hace por colindancias y por número de metros en cada una de ellas, aunque no consigna su medida superficial, y que procede de los terrenos que tiene inscritos dicho municipio en el Registro de la Propiedad de Caguas, designándose al efecto el folio, tomo e inscripción, así como el título de adquisición y su fecha. También expresa que tal solar lo usufructúa el recurrente en virtud de concesión que le hizo el concejo municipal.

No consta, pues, en el título presentado al registro la descripción de la finca principal, de la cual procede el solar cedido en usufructo al recurrente, Sr. Cadilla, y aunque se consignan datos bastantes para que el registrador pueda identificarla en sus libros, sin embargo, esto no es suficiente y origina un defecto subsanable, pues la descripción debe aparecer del mismo título presentado, según ya resolvió esta Corte Suprema en el caso de *Franceschi* v. *Registrador,* 13 D. P. R., 227, y por la Dirección General de los Registros en 20 de noviembre de 1889 y 1°. de diciembre de 1892.

En cuanto al segundo defecto subsanable estampado por el registrador en la inscripción, por no contener el título la medida superficial del solar concedido al Sr. Cadilla, es cuestión ya resuelta por nosotros que aun cuando la falta de expresión de tal medida no impide la inscripción, sin embargo, constituye un defecto subsanable que debe consignarse en ella.

*González* v. *El Registrador,* 17 D. P. R., 239.

*Carrasquillo* v. *El Registrador,* 17 D. P. R., 431.

Resueltas las dos únicas cuestiones planteadas en este recurso, debe confirmarse la nota recurrida.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y. Asociados MacLeary, Wolf y del Toro.