KENNEDY, ET AL., RECURRENTE, v. EL REGISTRADOR DE SAN JUAN,
SECCIÓN 1ª. RECURRIDO.

RECURSO GUBERNATIVO interpuesto contra nota del Registra-
dor de la Propiedad de San Juan, Sección 1ª., inscribiendo
con defecto subsanable una escritura de compraventa.

No. 394.—Resuelto en diciembre 16, 1918.

INSCRIPCIÓN—SEGREGACIONES—DESCRIPCIÓN DEL RESTO COMO FINCA PRINCIPAL.—
DEFECTO SUBSANABLE.—Constituye un defecto subsanable el no aparecer del
documento que se trata de inscribir la descripción de la finca principal de
donde se ha segregrado el solar objeto de inscripción, aun cuando la finca
principal constituya el resto de otra, de que asímismo fue segregada.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Eduardo López Tizol.*

El registrador recurrido, Sr. Rafael Tirado Verrier, com-
pareció en nombre propio.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

Benjamín E. de Solá y su esposa vendieron a doña Ana
Teresa Kennedy de Bishop un solar de 774.60 metros cua-
drados.

En la escritura se hizo constar que los vendedores fue-
ron dueños de una finca de 57,076 metros cuadrados, la que
se describe, y de la cual se segregó una fracción de 11,279
metros 34 centímetros y se vendió a Waldemar Hepp, que se
determinó una porción de 22,645 metros 13 centímetros y
se enajenó la tercera parte en proindiviso de dicha porción
al mismo Sr. Hepp y que el solar enajenado a la Sra. Bishop
fué tomado del resto de la finca primitiva.

El recurrente se queja del defecto subsanable anotado en
la inscripción de la escritura del solar antes mencionado, a
saber, "por no describirse con cabida y colindancias el resto
de la que se hace la segregación objeto de dicha inscripción.

En el caso de *Cadilla* v. *El Registrador de la Propiedad,*
19 D. P. R. 80, 81, se resuelve esta cuestión del modo siguiente:

"No consta, pues, en el título presentado al registro la descrip-

ción de la finca principal, de la cual procede el solar cedido en usufructo al recurrente, Sr. Cadilla, y aunque se consignan datos bastantes para que el registrador pueda identificarla en sus libros, sin embargo, esto no es suficiente y origina un defecto subsanable, pues la descripción debe aparecer del mismo título presentado, según ya resolvió esta Corte Suprema en el caso de *Franceschi* v. *Registrador,* 13 D. P. R. 227, y por la Dirección General de los Registros en 20 de noviembre de 1889 y 1º. de diciembre de 1892.''

El recurrente confunde la ''finca principal,'' de la que se segregó el solar en cuestión, con la finca primitiva de la que se practicaron las anteriores segregaciones. En este caso ''la finca principal'' es la parcela de terreno cuyo dominio permaneció exclusivamente con los vendedores después de las dos enajenaciones hechas en favor de Hepp.

De lo contrario hubiera sido igualmente innecesario describir la parcela de 57,076 metros cuadrados, que era el resto de otra finca de 17.31 cuerdas, la que a su vez ha podido ser el resto de una tercera finca de mayor extensión, siendo posible en un caso concebible que el resto primitivo fué lo que se dejó de la Isla de Puerto Rico después de la primera concesión hecha por la Corona de España a algún individuo. Por otro lado la enajenación hecha en favor de la Sra. Bishop parece como que no es más que el comienzo de otra serie de ulteriores pequeñas segregaciones y ventas, cada una de las cuales, por supuesto, dejará su propio e individual ''resto'' sucesivo.

Obviamente la adopción de la teoría del recurrente alimentaría las complicaciones y traería rápidamente la interminable confusión que la doctrina invocada por el registrador sabiamente tiende a evitar.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.