FIGUEROA, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra ciertos defectos subsanables apuntados por el Registrador de la Propiedad de San Germán en una escritura de compraventa.

No. 550.—Resuelto en enero 16, 1923.

INSCRIPCIÓN DE TÍTULO—SEGREGACIÓN—DESCRIPCIÓN DE FINCA PRINCIPAL—DE-FECTO SUBSANABLE.—Es un defecto subsanable el no describir en la escritura presentada para su inscripción, la finca principal de la cual se segregó la parcela que se trata de inscribir, aunque tal finca principal sea a su vez el remanente de otras fincas por segregación.

ID.—BIENES GANANCIALES—ESTADO CIVIL—PRESUNCIÓN—PRUEBA.—Nada hay de concluyente en la naturaleza de la presunción legal de ser gananciales los bienes inscritos a nombre de un hombre casado; antes al contrario, tanto esta presunción como las que sobre el estado civil pueda acaso existir, son siempre refutables y pueden ser destruídas mediante prueba satisfactoria de que la verdad es otra.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. B. Forés.*

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El comprador por virtud de una escritura de compra-venta otorgada por un hombre casado con el consentimiento

de su esposa, establece recurso gubernativo contra una nota del registrador de la propiedad que literalmente es como sigue:

"Inscrito el documento que precede, que es la escritura número 228, otorgada en esta ciudad a primero de octubre actual ante el notario Benito Forés y Morazo con vista de otro o sea una certificación del acta matrimonial de los esposos vendedores al folio 146 del tomo 31 de Lajas, finca número 1485, inscripción primera, con los defectos subsanables de no describirse en el documento el resto de la finca principal después de la segregación de cincuenta céntimos de cuerda hecha según el Registro, y el no haberse acreditado el estado civil que tenía el vendedor cuando adquirió dicha finca principal y de ser casado que lo estuviera con su esposa Carmen Rita Ortiz y Toro, pues aunque de dicha certificación de su matrimonio verificado con Carmen Rita Ortiz y Toro aparece que lo contrajo el día 4 de noviembre de 1900, sin embargo, del Registro consta que adquirió dicha finca en el año 1900, sin especificar el día y mes de dicho año."

En el caso de *Kennedy* v. *El Registrador,* 26 D. P. R. 789, resolvimos, según se consigna en el sumario, que

"Constituye un defecto subsanable el no aparecer del documento que se trata de inscribir la descripción de la finca principal de donde se ha segregado el solar objeto de inscripción, aún cuando la finca principal constituya el resto de otra, de que asimismo fué segregada."

Parece estar resuelto casi generalmente "que siendo el celibato el estado natural," se presume que continúa mientras no se pruebe el hecho del matrimonio. Nota al caso de Rucker v. Jackson, Am. Ann. casos 1915 C. p. 1058, en la página 1061.

Sin embargo, no faltan autoridades que sostengan un parecer contrario, y el razonamiento de algunas de las opiniones que atacan la solidez de la doctrina establecida por la mayoría merece gran consideración. Así pues, como se indica en la nota que acaba de citarse, la Corte Suprema de Georgia en el

caso de *Bennett* v. *State,* 103 Georgia 67, 29 N. E. 919, se expresó en estos términos:

"No existe ninguna presunción legal o de hecho de que un hombre o una mujer sea soltero, ni presunción en contrario. No hay presunción de que un hombre no es miembro de la iglesia, o de la orden masónica u otra, simplemente porque no fuera miembro en sus primeros años. Ni tampoco puede inferirse que un hombre no haya recibido educación por el hecho de que esa era su primera condición. Sin embargo, existe tanta razón para una presunción en tales casos, como para suponer que un hombre es soltero porque ese haya sido necesariamente su primer estado. Puede ser que a una determinada edad una mayoría de personas sea soltera y que a otra edad más avanzada una mayoría esté casada, pero sería muy dudoso y poco digno de crédito suponer que un individuo particular de una u otra edad era soltero, o que estaba casado. Además, ¿por qué ha de suponerse que un hombre en una comunidad civilizada y que está en condiciones de casarse no ha celebrado un contrato matrimonial, cuando no surge ninguna presunción de que no ha celebrado ninguna otra clase de contrato?"

*Chamberlayne,* en su obra sobre la moderna ley de evidencia, tomo 2, página 1236, sugiere la fórmula para un término medio posible en el siguiente párrafo:

"El estado legal, por ejemplo, la ciudadanía de una persona o la incorporación de una compañía se presumirá que tiene la permanencia acostumbrada en tales casos. De igual modo el ser una mujer casada, soltera u otro estado personal y legal, una vez demostrado que existe, se presume que continúa por un tiempo razonable."

Determinar ahora esta cuestión que es más o menos dudosa no es indispensable para la resolución del presente caso.

Estando inscrita la finca a nombre del vendedor, que es casado, se presume que es ganancial, y una venta hecha por dicho dueño con título inscrito con el expreso consentimiento de su esposa constituye *prima facie* un traspaso del título. Esta presunción, sin embargo, no es concluyente; y en el presente caso quedó debilitada, mas que robustecida, por la par-

tida de matrimonio mostrada por el comprador para probar que el matrimonio del vendedor tuvo lugar en noviembre del año en que adquirió él la propiedad.    La partida de matrimonio expresa que ambas partes contratantes eran solteras en la fecha de su celebración, pero tal constancia no es prueba concluyente del hecho.    También es cierto que el asiento indica la adquisición del vendedor como casado, pero no revela que entonces estuviera casado con su actual esposa.    Es muy probable, y no hay duda alguna de que el recurrente está razonablemente justificado al suponer que la propiedad fué adquirida por el vendedor en noviembre o diciembre del año 1900, después del matrimonio con su actual esposa, o en todo caso como soltero y no antes en el mismo año, o mientras estuvo casado con alguna otra mujer.    La posibilidad que últimamente se menciona, claramente que es algo remota; pero la cuestión ante nosotros no es de un hecho que ha de resolverse por una preponderancia de aquella prueba circunstancial que pueda hallarse en el record.    El punto es que no hay nada absolutamente cierto en la naturaleza de la presunción legal respecto al carácter ganancial de la propiedad en cuestión sino que por el contrario, tanto ésta como la presunción, de haber alguna, acerca del estado legal y personal están siempre sujetas a impugnación y pueden ser destruídas por prueba satisfactoria que demuestre que el hecho real es de otro modo.    Puede fácilmente hacerse que la inscripción exprese la verdad, y mientras no se haga esto, no podemos decir que la prueba del título en el recurrente no está sin defectos.    Véase el caso de *Laó Figueroa, et al.* v. *El Registrador,* 28 D. P. R. 5 y casos citados; también el de *Rivera* v. *El Registrador,* 26 D. P. R. 625.

Debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.