Antonio Rodríguez, recurrente, *v.* El Registrador de San Germán, recurrido.

Nos. 651 y 652.—*Sometido:* Noviembre 2, 1926. *Resuelto:* Noviembre 19, 1926.

Notarios—Copias de Documentos Notariales—De la Suscripción—Omisiones en la Misma—Su Corrección.—Cuando el original de una escritura notarial reúne todos los requisitos de ley, la omisión de consignar en la copia que el original estaba rubricado no anula dicho documento, pudiendo la omisión corregirse mediante la debida certificación.

Notas de *Luis Capó Matres,* R. (San Germán), denegando inscripciones de escrituras de venta. *Revocadas.*

*El recurrente y el registrador recurrido,* comparecieron por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La calificación del registrador en el caso No. 651 depende enteramente de su nota en el 652. Siendo ello así, estudiaremos conjuntamente ambos recursos.

La negativa del registrador en el recurso No. 652 se funda en que de la copia notarial presentada para su inscripción en el registro no aparece que el original de la escritura hubiera sido rubricado por el notario que lo autorizó.

De la copia resulta que el 12 de diciembre de 1921 comparecieron ante notario público Francisco Catalá y su esposa Rita María Matei y vendieron a Juan Aguilera un solar radicado en Yauco. En la copia, expedida el mismo día en que se otorgó la escritura, no se hace constar que el original estuviera rubricado. Años después, en la misma copia, el propio notario consignó lo que sigue:

"Certifico: que el original de esta copia, o sea la escritura número 112, pasada ante mí, . . . se encuentra debidamente signada, firmada y rubricada, por mí, y estampado sobre ella el sello de la Notaría. . . ."

La certificación aparece firmada, signada, rubricada y sellada por el notario.

La teoría del registrador es que sólo debe considerarse la copia tal como se expidió en el primer momento y que la certificación nada vale por no estar autorizada por la ley. Invoca el registrador el caso de *Fragoso* v. *Marxuach*, 31 D.P.R. 195.

Convenimos en que la copia debe reflejar el original por completo y que en ella debió aparecer desde el primer momento el hecho de la rúbrica, pero no vemos por qué no debe darse crédito a la certificación que complementa y perfecciona la copia. No se necesita que exista una ley que expresamente permita expedir tal clase de certificaciones. Se ha usado de un medio reconocido en general como legítimo. Cabe una omisión de buena fe en una copia y esa omisión puede corregirse siempre y cuando como en este caso la corrección esté revestida del mismo grado de autenticidad que el documento.

La decisión invocada, *Fragoso* v. *Marxuach, supra,* no es aplicable. Allí la copia era completa, mas no el original. Este tenía la fecha escrita con lápiz y no estaba firmado, ni signado, ni sellado por el notario, y se declaró, de acuerdo con la ley, que el documento era nulo. Aquí bajo la fe del notario autorizante debemos aceptar que el original reunió siempre todos los requisitos exigidos por la ley, y que la copia que al expedirse no resultaba perfecta, fué luego debidamente corregida.

*No existe, pues, el defecto apuntado.*

Una vez que el documento quede inscrito, procede también la inscripción del otro documento origen del recurso No. 651, que es una escritura por virtud de la cual Juan Aguilera y su esposa, compradores del solar en la escritura de 12 de diciembre de 1921, lo venden al recurrente Antonio Rodríguez. El único motivo que tuvo el registrador para negar la inscripción en este caso fué que el título del vendedor no estaba inscrito.

*Ambas notas deben revocarse, ordenándose las inscripciones solicitadas.*

El Juez Asociado Señor Hutchison no intervino en la resolución de este caso.