José Irizarri Cruz, recurrente, *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

No. 727.—*Sometido:* Junio 25, 1928. *Resuelto:* Julio 2, 1928.

A. *Ramírez Silva*, abogado del recurrente; el registrador recurrido, no compareció.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El Registrador de la Propiedad de Mayagüez, al inscribir una escritura de segregación y venta, consignó como un defecto subsanable el hecho de que no se describía en la escritura de enajenación el resto de la finca principal después de hacerse la aludida segregación.

La regla es que la finca principal de la cual va a tomarse la finca que está por segregarse y venderse, debe describirse en la escritura de segregación y venta. *Cadilla* v. *Registrador*, 19 D.P.R. 80. En caso de una segregación y venta posteriores, el resto del predio original se convierte en la finca principal para los fines de tal venta posterior. *Kennedy* v. *El Registrador*, 26 D.P.R. 789; *Figueroa* v. *El Registrador*, 31 D.P.R. 377.

En el presente caso, la nota puesta por el registrador al dorso de la escritura no cita autoridad alguna que la sostenga. El alegato del recurrente fué notificado a un registrador substituto. No se ha radicado ningún otro alegato, y no tenemos indicio alguno del pensamiento que pudo haber acudido a la mente del registrador que inscribió el documento.

Se trata aquí de la inscripción de una segregación y venta, y no de la posibilidad de futuras complicaciones en lo tocante a segregaciones y ventas posteriores. El comprador en el presente caso no tiene interés alguno respecto al extremo últimamente mencionado. Su título no puede ser afectado en forma alguna por tales acontecimientos futuros, y el que se dejaran de preveer dificultades más o menos conjeturales con relación a transacciones futuras entre el vendedor y otros compradores, no puede ser considerado como un defecto en el título que estamos considerando.

El registrador no puso en duda la suficiencia de la descripción de la finca principal en la venta que está ante nos y no debe entenderse que estamos considerando punto alguno que no se presente directamente por la nota recurrida, la que *debe revocarse.*