AMELIA MEDRANO, conocida por NELLIE MEDRANO MARTÍNEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, P. R., recurrido.

No. 736.—*Sometido:* Noviembre 5, 1928. *Resuelto:* Noviembre 16, 1928.

*A. Ramírez Silva,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En el título que ha dado origen a este recurso gubernativo se describe la finca de la cual se hace una segregación, que también se describe, que ha sido vendida al recurrente. El registrador inscribió esa venta pero haciendo constar el defecto subsanable de no describirse con cabida y colindancias el resto de la finca principal de la cual se hace la segregación objeto del título después de las segregaciones que constan en el Registro. En otras palabras, se ha consignado ese defecto porque para esta venta no se ha descrito la finca tal como quedó a los vendedores después de hechas las segregaciones de la primitiva finca y que constan en el registro por lo que la cuestión a resolver es si la finca principal que ha de ser descrita para hacer una segregación es la que ha quedado después de segregaciones anteriores o es la de la finca primitiva sin segregaciones.

Esa cuestión fué resuelta por nosotros en los casos de *Kennedy* v. *Registrador de San Juan,* 26 D.P.R. 789 y de *Figueroa* v. *Registrador de San Germán,* 31 D.P.R. 377, en el sentido de que la finca principal que ha de ser descrita es la parcela de terreno cuyo dominio permaneció exclusivamente en los vendedores después de las enajenaciones hechas anteriormente. Y se comprende que así sea porque al hacerse la presente segregación y enajenación la finca principal de los vendedores no es la que primitivamente adquirieron y de la cual han hecho varias segregaciones que constan en el registro sino el resto que después de ellas les ha quedado y del cual es que hacen la segregación y venta al recurrente.

El caso de *Irizarry* v. *El Registrador de Mayagüez* resuelto por nosotros el 2 de julio de este año (pág. 501) revocando el defecto subsanable consignado por dicho funcio-

nario y que ambas partes citan no es aplicable al caso presente, pues lo que en él pretendió el registrador fué que se describiese como finca principal el resto de finca que había de quedar después de hecha la segregación objeto de la venta, y ésa no era la finca principal de la cual iba a hacerse la segregación.

*La nota recurrida debe ser confirmada.*