Francisco Soto Gras, recurrente *v.* El Registrador de la Propiedad de San Juan, Sección Primera, recurrido.

No. 970.—*Sometido:* Enero 17, 1936.—*Resuelto:* Enero 21, 1936.

*F. Soto Gras,* por su propio derecho; el registrador recurrido compareció por escrito.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

En Ponce, el 5 de diciembre de 1935, celebraron un contrato de compraventa Jorge Oppenheimer Dalmau, como apoderado de la señorita Teresa Enriqueta Santiago Oppenheimer, y

Francisco Soto Gras, por virtud del cual el primero vendió y el segundo compró una propiedad que en la escritura pública otorgada al efecto ante el Notario Francisco Parra Capó, se describe así:

"URBANA: Solar situado en la manzana 'M' de Miramar, Sección Sur del barrio de Santurce, de San Juan, Puerto Rico, con las medidas lineales y colindancias siguientes: por el Norte mide DOCE METROS, dando frente a la Avenida M. Fernández Juncos hoy, antes calle del Congreso; por el Este mide DIEZ Y SEIS METROS CINCUENTA CENTÍMETROS, lindando con finca hoy de doña Carmen Cuyar Gatell de Chardón; por el Sur, mide DOCE METROS lindando con la Sucesión de Waldemar E. Lee hoy, antes el solar número sesenta y dos de la urbanización; y por el Oeste lindando con el solar número sesenta y nueve de la urbanización y mide DIEZ Y SEIS METROS CINCUENTA CENTÍMETROS, cuyas medidas hacen un área superficial de CIENTO NOVENTA Y OCHO METROS CUADRADOS.—En el descrito solar existe una casa de concreto armado, hecha sobre columnas y lozas de cinco, cuatro y tres pulgadas de espesor, de tres plantas independientes y un mirador, teniendo dicho edificio ocho metros de frente por catorce metros sesenta centímetros de fondo a su izquierda entrando y diez y seis metros cincuenta centímetros de fondo a su derecha entrando.

"TÍTULO Y CARGAS: La finca antes descrita que asegura el señor Oppenheimer Dalmau en su indicada representación no se encuentra afecta a carga alguna, es el resto de otra de seiscientos treinta metros cuadrados luego de habérsele segregado primeramente CINCUENTA Y DOS METROS CINCUENTA CENTÍMETROS CUADRADOS para uso público, y últimamente TRESCIENTOS OCHENTA Y NUEVE METROS CINCUENTA CENTÍMETROS CUADRADOS que fueron vendidos a doña Carmen Cuyar Gatell de Chardón por escritura otorgada ante el fedatario con el número cuarenta y tres de fecha diez y siete de agosto de mil novecientos treinta y cinco, cuyas segregaciones fueron inscritas en el Registro de la Propiedad, habiéndose tomado la descripción y medidas de dicho resto de finca de un plano levantado por el Ingeniero J. M. Canals en veinte y dos de noviembre de mil novecientos treinta y cinco, resultando la cabida expresada de la mensura practicada.

"La finca principal de que es resto la antes descrita la hubo la señorita Teresa Enriqueta Santiago Oppenheimer por adjudicación en pago que le hicieron los esposos don Rufino de Goenaga y Fuertes y doña María Mercedes Lázaro Costa, por la escritura número diez y siete de quince de septiembre de mil novecientos treinta y cuatro,

ante el Notario de Ponce don Francisco Parra Toro, inscrita en el Registro de la Propiedad de San Juan, al folio CINCUENTA Y CUATRO del tomo SETENTA Y TRES de Santurce Sur, finca número CIENTO NOVENTA Y SEIS, inscripción DÉCIMANOVENA.''

Presentado el documento para su inscripción en el registro de la Propiedad de San Juan, Sección Primera, lo fué en efecto ''con vista de otro al folio 55 tomo 73 Sur, finca 196, inscripción 20ª'' pero ''con el defecto subsanable de no describirse la finca principal.'' Y alegando que el defecto no existe y que en tal virtud debe revocarse en cuanto a la consignación del mismo la nota recurrida, interpuso el comprador el presente recurso gubernativo.

Defendiendo su nota se expresa el registrador recurrido en su alegato como sigue:

''El presente caso versa, sencillamente, sobre si debe o no describirse la propiedad que tiene uno inscrita en el registro, cuando enajena o hipoteca parte de ella.

''El registrador recurrido cree que debe describirse la finca principal, y no hacer una mera referencia del tomo y folio donde está inscrita. (*Cadilla* v. *Registrador,* 19 D.P.R., 80.)

''Esta simple cuestión está ya repetidamente resuelta por este Hon. Tribunal. La falta de descripción de la finca originaria de que se segrega la que se pretende inscribir, constituye un defecto subsanable, como lo establecen las resoluciones de la Dirección General de los Registros, de 20 de noviembre de 1889 y de 1 de diciembre de 1892. *Franceschi* v. *Registrador,* 13 D.P.R. 228; *Cadilla* v. *Registrador,* 19 D.P.R. 80; *Kennedy* v. *Registrador,* 26 D.P.R. 789; *Figueroa* v. *Registrador,* 31 D.P.R. 377; *Rodríguez* v. *Registrador,* 36 D.P.R. 19; *Cuevas* v. *Registrador,* 40 D.P.R. 27; *Irizarry* v. *Registrador,* 38 D.P.R. 501; *Medrano* v. *Registrador,* 38 D.P.R. 821; *Ramírez* v. *Registrador,* 38 D.P.R. 771. Este último caso es igual al del presente recurso.

''A mayor abundamiento, hemos de advertir que de las segregaciones previas hechas de la finca orginaria, no aparece incrita una de ellas, la de 52.50 metros cuadrados, aun cuando en la segunda página del alegato del recurso se asegura que fueron inscritas; por lo cual tenemos en nuestro favor, además, lo resuelto en el caso de *Cuevas* v. *Registrador,* 40 D.P.R. 27. Podemos acompañar una certificación al efecto.''

A nuestro juicio la jurisprudencia que el registrador invoca examinada en detalle y en conjunto no sostiene la existencia del defecto subsanable que apuntara. Aquí no se trata de inscribir una segregación destinada a iniciar como finca independiente una nueva serie de inscripciones en el registro. Aquí se trata de inscribir una transferencia de dominio del resto de la finca principal, y ese resto que a virtud de las segregaciones constituye la finca principal misma en el momento del traspaso, es todo lo que tenía que describirse como se describió debidamente en la escritura.

En el recurso gubernativo de *Medrano* v. *Registrador,* 38 D.P.R. 821, esta corte, por medio de su Juez Asociado Sr. Aldrey, se expresó como sigue:

"En el título que ha dado origen a este recurso gubernativo se describe la finca de la cual se hace una segregación, que también se describe que ha sido vendida al recurrente. El registrador inscribió esa venta pero haciendo constar el defecto subsanable de no describirse con cabida y colindancias el resto de la finca principal de la cual se hace la segregación objeto del título después de las segregaciones que constan en el Registro. En otras palabras, se ha consignado ese defecto porque para esta venta no se ha descrito la finca tal como quedó a los vendedores después de hechas las segregaciones de la primitiva finca y que constan en el registro por lo que la cuestión a resolver es si la finca principal que ha de ser descrita para hacer una segregación es la que ha quedado después de segregaciones anteriores o es la de la finca primitiva sin segregaciones.

"Esa cuestión fué resuelta por nosotros en los casos de *Kennedy* v. *Registrador* de San Juan, 26 D.P.R. 789 y de *Figueroa* v. *Registrador de San Germán,* 31 D.P.R. 377, en el sentido de que la finca principal que ha de ser descrita es la parcela de terreno cuyo dominio permaneció exclusivamente en los vendedores después de las enajenaciones hechas anteriormente. Y se comprende que así sea porque al hacerse la presente segregación y enajenación la finca principal de los vendedores no es la que primitivamente adquirieron y de la cual han hecho varias segregaciones que constan en el registro sino el resto que después de ellas les ha quedado y del cual es que hacen la segregación y venta al recurrente.

"El caso de *Irizarry* v. *El Registrador de Mayagüez* resuelto por nosotros el 2 de julio de este año (pág. 501) revocando el defecto

subsanable consignado por dicho funcionario y que ambas partes citan no es aplicable al caso presente, pues lo que en él pretendió el registrador fué que se describiese como finca principal el resto de finca que había de quedar después de hecha la segregación objeto de la venta, y ésa no era la finca principal de la cual iba a hacerse la segregación.''

Por virtud de lo expuesto, *debe revocarse la nota recurrida en la parte en que lo ha sido, quedando en su consecuencia la inscripción sin el defecto apuntado.*