JUAN RIVERA LÓPEZ DE VICTORIA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1052.—*Sometido:* Junio 8, 1939. *Resuelto:* Junio 13, 1939.

*Antonio L. López,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Juan Rivera López, por conducto de su abogado A. L. López, presentó en el Registro de la Propiedad de Caguas la escritura número 73, de 5 de abril de 1939, otorgada ante el notario Antonio L. López, por la cual Pedro Batista Andino y su esposa segregaron y le vendieron una finca rústica ubicada en el barrio Tomás de Castro, del término

municipal de Caguas, que mide quince metros de frente por veinte metros de fondo.

El registrador inscribió el documento "con el defecto subsanable de no describirse el resto de la finca *después de hecha la segregación.*"

De esta nota recurrió Rivera López y en apoyo de su recurso cita el caso de *Irizarry Cruz* v. *Registrador,* 38 D.P.R. 501, en el que siguiendo lo resuelto en *Cadilla* v. *Registrador,* 19 D.P.R. 80, se sostuvo que "el dejar de describir, en una escritura de segregación y venta, el resto de la finca principal *después de hecha la segregación* no constituye un defecto subsanable del título."

■■ El registrador, en su alegato, hace una relación de las segregaciones que según las constancias del registro ha sufrido la finca principal de la cual procede aquélla de donde se hizo la segregación que es objeto del documento motivo de este recurso, demostrando así que el notario autorizante no describió el resto de la finca principal de donde se hizo esta segregación, que debió serlo una de 7.268 cuerdas y no la de 14.411 cuerdas como se expresa en la escritura, no teniendo en cuenta el notario, al así hacerlo, las segregaciones anteriores de que había sido objeto el resto de 14.411 cuerdas.

El registrador cita en su apoyo el caso de *Medrano* v. *Registrador,* 38 D.P.R. 821, en el que este tribunal resolvió que constituye defecto subsanable en una escritura de segregación y venta el no describirse la finca de la cual se hace la segregación, *tal y como quedó después de segregaciones anteriores.* Pero éste no fué el defecto consignado en la nota. El defecto que consigna la nota, como hemos visto, es el de "no describirse el resto de la finca después de hecha la segregación", lo cual no constituye defecto alguno.

Siendo ello así, tenemos que limitarnos al defecto consignado en la nota y no podemos considerar cualquier otro no expresado en ella.

En 2 Galindo, "Legislación Hipotecaria", 626, se cita la resolución de la Dirección General de los Registros, de 31 de agosto de 1896, donde se dijo:

"La resolución ha de recaer sobre los defectos consignados en la nota que hayan sido motivo de la apelación, sin que sea lícito resolver respecto de defectos que el registrador no hubiere expresado en la nota, y sí alegado al tramitarse el recurso."

Véase al mismo efecto *González v. Registrador,* 23 D.P.R. 806, donde se cita a 2 Galindo, "Legislación Hipotecaria", 626.

*Por lo expuesto, procede revocar la nota recurrida, y ordenarse la inscripción solicitada, sin el defecto señalado por el registrador.*