Ramón Cuevas Olivo, recurrente, *v.* El Registrador de la Propiedad de Utuado, recurrido.

Núm. 1067.—*Sometido:* Abril 15, 1940. *Resuelto:* Mayo 8, 1940.

*Gaspar Genera Bras,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Presentada en el Registro de la Propiedad de Utuado una escritura sobre segregación y compraventa, otorgada el día 13 de marzo de 1940 por don Dolores Matías Colón a favor de don Ramón Cuevas Olivo, el registrador denegó la inscripción mediante nota que dice así:

"Denegada la inscripción del documento que precede, que es una copia de la escritura número 23, otorgada en Utuado el día 13 de marzo de 1940, ante el notario Gaspar Gerena Bras, por no estar inscrita en este Registro a nombre del otorgante Dolores Matías Colón, mayor de edad, divorciado, propietario y vecino de Utuado, la finca rústica de 91 cuerdas, sita en el barrio Ángeles, de Utuado, tal como se describe en el título presentado, de conformidad con el artículo 20 de la Ley Hipotecaria; en cuanto a la segregación de las cinco y media cuerdas que de aquella finca hace Dolores Matías Colón y de la venta que de la parte segregada otorga a favor de Ramón Cuevas Olivo; tomando en su lugar anotación preventiva por el término legal de 120 días en favor del dicho Ramón Cuevas Olivo; . . ."

Contra dicha nota ha interpuesto el recurrente don Ramón Cuevas Olivo el presente recurso.

Entre los documentos que obran en autos aparece la escritura número 39, otorgada el día 17 de mayo de 1938 por don José María Jirau Soto y don Dolores Matías Colón, por virtud de la cual el primero transmitió al segundo a título de venta, el dominio de la finca que a continuación se describe:

"RÚSTICA: Radicada en el barrio Ángeles, término municipal de Utuado, Puerto Rico, compuesta de noventa y una cuerdas de terreno, equivalentes a 35 hectáreas, 37 áreas y 36 centiáreas, colindando: al norte, con la Sucesión de Primitivo González Feo, José Reboyras, Ramón Flores y Juan Acevedo; saliente, Buenavetura Sella y el Río Ángeles; al sur, Esteban Padró y Manuel Soto Toledo; y al oeste, Juan Matías.

"Inscrita al folio ciento cincuenta del tomo ciento cincuenta y cuatro de Utuado, finca número seis mil cuatrocientos setenta y tres por su inscripción primera."

El vendedor don José Ma. Jirau Soto hizo constar que de la descrita finca se han hecho varias segregaciones, habiendo quedado actualmente reducida la misma a veinticinco cuerdas con setenta y cinco céntimos de otra más o menos.

Por la escritura número 23, que es objeto del presente recurso, don Dolores Matías Colón segregó de la finca que adquirió por la escritura núm. 39 a que ya se ha hecho mención, cinco cuerdas y media que vendió al recurrente Cuevas Olivo, pero el notario en vez de describir la finca principal de donde se segregaba la de menor cabida objeto de la compraventa, describió la finca primitiva así:

"*Primero:* Que don Dolores Matías Colón es dueño del siguiente inmueble:

"RÚSTICA radicada en el barrio Ángeles, de Utuado, término municipal de Utuado, compuesta de noventa y una cuerdas de terreno, equivalentes a 35 hectáreas, 37 áreas y 36 centiáreas, colindando al norte, Sucesión Primitivo González, José Reboyras, Ramón Flores y Juan Acevedo; saliente, Buenaventura Sella y el río Ángeles; al sur, Esteban Padró y Manuel Soto Toledo; al oeste, Juan Matías.

"Inscrita al folio 150 del tomo 154 de Utuado, finca número 6473, inscripción primera.

"*Segundo:* Sigue manifestando don Dolores Matías que de la descrita finca se han hecho varias segregaciones.

"*Tercero:* Y expuestos los hechos anteriores las partes convienen en segregar de la finca descrita la siguiente parcela:

"RÚSTICA radicada en el barrio Ángeles, de Utuado, compuesta de cinco cuerdas y media más o menos, equivalentes a 2 hectáreas, 16 áreas y 17 centiáreas, con lindes al norte, José Reboyras, Ramón Flores y Ramón Cuevas; saliente, José Morales; poniente, resto de la finca principal y Juan Acevedo; y por el sur, Pascual Soto."

De acuerdo con lo que tan repetidamente tiene resuelto este tribunal,

"La regla es que la finca principal de la cual va a tomarse la finca, que está por segregarse y venderse, debe describirse en la escritura de segregación y venta. *Cadilla* v. *Registrador*, 19 D.P.R. 80. En caso de una segregación y venta posteriores, el resto del predio original se convierte en la finca principal para los fines de tal venta posterior. *Kennedy* v. *El Registrador*, 26 D.P.R. 789; *Figueroa* v. *El Registrador*, 31 D.P.R. 377." *Irizarry Cruz* v. *El Registrador*, 38 D.P.R. 501.

Aplicando esa regla al caso de autos, es evidente que la escritura cuya inscripción el registrador de Utuado denegó, adolece del defecto de no contener una descripción de la finca principal de 25 cuerdas de donde se segregaron las cinco que le fueron vendidas al recurrente. Ese defecto, sin embargo, es subsanable, según lo tiene ya resuelto este tribunal en los siguientes casos, además de los citados: *Rivera* v. *Registrador,* 55 D.P.R. 104; *Soto Gras* v. *Registrador,* 49 D.P.R. 415; *Cuevas* v. *Registrador,* 40 D.P.R. 27; *Ramírez* v. *Registrador,* 38 D.P.R. 771; *Medrano* v. *Registrador,* 38 D.P.R. 821; *Rodríguez* v. *Registrador,* 36 D.P.R. 17, y *Franceschi* v. *Registrador,* 13 D.P.R. 227. Véanse también las Resoluciones de la Dirección General de los Registros del primero de diciembre de 1892 y 20 de noviembre de 1889. No obstante, el registrador consideró el defecto como insubsanable

y denegó la inscripción. De su alegato transcribimos las razones que tuvo para ello:

"El recurrente comete un grave error al afirmar: que el presente caso es el mismo de *Kennedy et al.* v. *El Registrador de San Juan,* 26 D.P.R. 789, donde se sienta la doctrina:

"Que 'constituye un defecto subsanable el de no aparecer del documento que se trata de inscribir la descripción de la finca principal de donde se ha segregado el solar objeto de la inscripción, aun cuando la finca principal constituya el resto de otra, de que asimismo fué segregada.'

"En el caso que acaba de citarse, los vendedores Benjamín E. de Solá y su esposa fueron dueños de la finca de 57,076 metros cuadrados que describieron en la escritura y de la que se hicieron varias segregaciones, y el solar enajenado a la compradora Ana Teresa Kennedy de Bishop fué tomado o segregado 'del resto de la finca primitiva,' lo que aquéllos podían realizar porque a su nombre estaba inscrita la totalidad de la finca primitiva, siendo finca principal lo que quedaba de aquélla luego de quitar de ella las tierras segregadas y vendidas. En la escritura se describió la finca primitiva y se omitió describir la finca principal que era de donde real y efectivamente podía segregarse el solar vendido a la Sra. Bishop, y esto es lo que constituye el defecto subsanable de no aparecer del documento que se trata de inscribir la descripción de la finca principal de donde se ha segregado el solar objeto de inscripción, aun cuando la finca principal constituya el resto de la otra, de que asimismo fué segregada. Éste es un caso casi idéntico al de la escritura núm. 39 que obra en autos, y por la cual Dolores Matías Colón adquirió las 25 cuerdas con 75 céntimos, más o menos, como resto de las 91 cuerdas de la que se habían verificado varias segregaciones, por venta que le hizo José María Jirau Soto que era dueño de la finca primitiva, y que se inscribió con el mismo defecto subsanable de la jurisprudencia antes referida.

"Pero el caso que discutimos es absolutamente distinto. El Dolores Matías Colón vendedor del recurrente, nunca ha sido dueño ni ha tenido inscrita a su nombre en el Registro la citada finca de 91 cuerdas, de la que tan sólo adquirió lo que de ella restaba luego de repetidas segregaciones, o sea veinticinco cuerdas con veinticinco céntimos, más o menos, resto que se inscribió a su nombre con el defecto subsanable de no describirse este resto de la finca luego de hechas las anteriores segregaciones. Y a pesar de que sólo es dueño

y tiene a su nombre inscrito el resto de la finca mencionada, el Dolores Matías Colón en la escritura núm. 23 cuya inscripción hemos negado, omite por completo hacer referencia a dicho resto de finca, y falsamente declara ser dueño de la finca de noventa y una cuerdas repetida, y segrega de ella una parcela de cinco y media cuerdas, más o menos, y la vende al recurrente Ramón Cuevas Olivo.''

El artículo 110 del Reglamento para la ejecución de la Ley Hipotecaria le sienta a los registradores de la propiedad la pauta que deben seguir al calificar defectos como subsanables o insubsanables. Dispone dicho artículo que:

''Para distinguir las faltas subsanables de las que no lo sean, y hacer o no en su consecuencia una anotación preventiva, según lo dispuesto en los artículos 65 y 66 de la ley, atenderá el registrador a la validez de la obligación consignada en el título. Si ésta fuese nula por su naturaleza, condiciones, calidad de las personas que la otorguen u otra causa semejante, independiente de su forma extrínseca, se considerará la falta como no subsanable. Si la obligación fuese válida, atendidas las circunstancias dichas, y el defecto estuviese tan sólo en la forma externa del documento que la contenga, y que se pueda reformar o extender de nuevo a voluntad de los interesados en la inscripción, se tendrá por subsanable la falta.''

Indudablemente que el defecto apuntado por el registrador de Utuado no invalida la obligación consignada en el título. El otorgamiento de una escritura aclaratoria en que se describa la finca principal subsanaría el defecto.

*Debe revocarse la nota del registrador y ordenarse la inscripción con el defecto subsanable de no constar descrita la finca principal.*