ALICIA BACÓ VDA. DE PIÑEIRO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Núm. 1143.—*Sometido:* Mayo 22, 1944. *Resuelto:* Mayo 31, 1944.

*Luis López de Victoria,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La recurrente adquirió por compra a los hermanos Ignacio y Victoria Agostini un solar radicado en el pueblo de Yauco. En la escritura de compraventa se describió a la compradora como "mayor de edad, propietaria, viuda y vecina de Yauco, Puerto Rico."

El párrafo quinto de la escritura presentada al registro lee así:

"QUINTO: Efectúan la venta por precio de dos mil quinientos dólares, cantidad que los vendedores . . . . . . confiesan recibida de manos de la compradora antes de este acto a su más entera satisfacción y en la proporción a ellos correspondiente y por cuya suma le dan carta de pago, recibo en forma y este otorgamiento en señal de posesión."

El registrador recurrido practicó la inscripción solicitada "con el defecto subsanable de no acreditarse el estado civil de la compradora cuando hizo la entrega del dinero". Alega la recurrente que la nota es errónea y debe ser revocada.

Arguye el registrador, en defensa de su nota, que habiendo las partes contratantes convenido en la cosa objeto del contrato y en el precio y entregado éste con anterioridad a la fecha del otorgamiento de la escritura de compraventa, el contrato quedó perfeccionado en la fecha en que se verificó la entrega del precio; y que es en relación con esa fecha—y no con la fecha de la escritura—que debe acreditarse el estado civil de la compradora, a fin de poder determinar el carácter privativo o ganancial de los bienes objeto del contrato.

El artículo 1339 del Código Civil (Ed. 1930) dispone que "la venta se perfeccionará entre comprador y vendedor, y será obligatoria para ambos, si hubieren convenido en la cosa objeto del contrato, y en el precio, aunque ni la una ni el otro se hayan entregado". En el caso que nos ocupa, las partes contratantes no se limitaron a convenir en la cosa objeto del contrato y en el precio. Fueron más allá de lo que el citado artículo requiere para el perfeccionamiento de un contrato, entregando la compradora el precio convenido antes del otorgamiento de la escritura.

Si el contrato de compraventa entre los hermanos Agostini y la recurrente quedó perfeccionado y fué obligatorio para ambas partes desde el momento en que la recurrente pagó el precio convenido, es sin duda alguna importante a

los efectos del registro determinar cuál era el estado civil de la adquirente del inmueble, la recurrente, en el momento en que pagó dicho precio. Si en esa fecha ella era casada, la adquisición tendría que presumirse como ganancial. El artículo 1307 del Código Civil (1930) equivalente al 1407 del Código Civil Español, dispone: "Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer".

En sus comentarios al artículo 1407 del Código Civil Español, dice Manresa:

"Ya en los artículos 1396 y 1401 hemos visto que para la ley resulta indiferente que las adquisiciones a título oneroso se verifiquen a nombre del marido o de la mujer, pues sólo se atiende a la procedencia del dinero o equivalente, y así, las adquisiciones a costa del caudal de uno solo de los cónyuges, son privativas de él, y las hechas a costa del caudal común son gananciales. Si no consta de donde se ha tomado ese equivalente, el artículo 1407 presume que procede del caudal común y declara ganancial la adquisición.

"Como la presunción está establecida en favor de la comunidad, la prueba incumbe al cónyuge que afirma pertenecerle los bienes o derechos, negando al afirmar esto la verdad de la presunción."

Opinamos que el Registrador recurrido no erró al consignar en su nota el indicado defecto subsanable. Es cierto que la recurrente era viuda en la fecha del otorgamiento de la escritura, pero no existe presunción alguna de que también lo fuera cuando pagó el precio convenido por la adquisición del solar. *Delgado v. Registrador,* 23 D.P.R. 704, 706, *Figueroa v. Registrador,* 31 D.P.R. 377, 379 y *Martínez v. Registrador,* 62 D.P.R. 862. La nota del registrador no está basada en presunción alguna. Apareciendo de la escritura que la compradora es viuda y que el precio convenido fué pagado con anterioridad a la fecha de su otorgamiento, el registrador, velando por los derechos de aquéllos que pudieran tener algún interés en los bienes pertenecientes a la sociedad de gananciales que existió entre la recurrente y su

difunto esposo, procedió correctamente al exigir constancia de cuál era el estado civil de la compradora recurrente en la fecha en que pagó el precio de la adquisición.

*La nota recurrida debe ser confirmada.*