PUERTO RICO FINANCE CORPORATION, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

*Números:* G-66-1, G-66-2      *Resueltos:* 5 de junio de 1968

---

*Carlos J. Faure,* abogado de la recurrente; El Registrador recurrido compareció por escrito.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

PER CURIAM: Por ser la cuestión planteada en estos dos recursos gubernativos idéntica, los consolidamos. Haremos referencia a uno de éstos. Una señora adquirió un inmueble, una casa con solar. En la escritura de compraventa se hace constar que la compradora es viuda. Asimismo aparece que la vendedora recibió parte del precio convenido con anterioridad a la firma de la escritura. Presentada al Registro se inscribió con el defecto subsanable de no hacerse constar el estado civil de la compradora a la fecha que hizo el pago parcial. De la nota que así lo determinó no se recurrió. Ver *Bacó* v. *Registrador,* 63 D.P.R. 697 (1944).

La compradora necesitó levantar fondos para pagar el remanente del precio. Obtiene un préstamo de la aquí recurrente. Para garantizar su pago constituyó hipoteca sobre el inmueble a que antes se ha hecho referencia. Presentada al Registro la escritura se deniega la inscripción con la siguiente nota:

"DENEGADA la inscripción del documento que precede que es copia de la escritura número 1126 otorgada en Ponce el 16 de noviembre de 1964 ante el notario Carlos J. Faure, y en su lugar de conformidad con lo resuelto en los casos de Rivera versus Registrador 17 D.P.R. 323 y de Jesús versus Registrador 24 D.P.R. 621, tomada anotación por 120 días, por observarse que la inscripción a favor de la deudora adolece del defecto subsanable de no acreditarse el estado civil a la fecha en que pagó parte del precio de venta de la finca, todo ello al folio 158 del tomo 901 de Ponce, finca número 24391 anotación A. Por su procedencia está afecta la finca a una hipoteca a favor del Portador de Pagaré por la suma de $500,000; hipoteca a favor

del Portador de Pagaré por la suma de $100,000; hipoteca a favor del Portador de Pagaré por la suma de $100,000; a condiciones restrictivas; mención de servidumbre a favor de la Autoridad de las Fuentes Fluviales de Puerto Rico; mención de servidumbre a favor de la Autoridad de Acueductos y Alcantarillados de Puerto Rico. Ponce a 12 de noviembre de 1965."

Invocando las disposiciones del Art. 65 de la Ley Hipotecaria, 30 L.P.R.A. sec. 114, (¹) la recurrente sostiene que el Registrador debió inscribir haciendo referencia al defecto subsanable que aparece de la inscripción anterior.

*Bacó* v. *Registrador*, supra, sostiene la posición del Registrador en cuanto a que procedía inscribir la escritura de compraventa con el defecto subsanable de no hacerse constar el estado de la compradora a la fecha en que hizo el pago inicial. En *Bacó* expresamos que ". . . es sin duda alguna importante a los efectos del registro determinar cuál era el estado civil de la adquirente del inmueble, la recurrente, en el momento en que pagó dicho precio. Si en esa fecha ella era casada, la adquisición tendría que presumirse como ganancial. . . . Es cierto que la recurrente era viuda en la fecha del otorgamiento de la escritura, pero no existe presunción alguna de que también lo fuera cuando pagó el precio convenido por la adquisición del solar. *Delgado* v. *Registrador*,

---

(¹) Lee así dicho artículo:

"Serán faltas subsanables las que afecten a la validez del mismo título, sin producir necesariamente la nulidad de la obligación en él constituida.

"Los registradores no suspenderán por defectos subsanables la inscripción, anotación o cancelación de ningún título. En la inscripción harán constar los defectos que contenga el título y en cualquier tiempo en que se presente la documentación para subsanarlo, se hará constar la subsanación por medio de nota marginal.

"Serán faltas no subsanables las que produzcan necesariamente la nulidad de la obligación.

"Contra la calificación de defectos subsanables que hicieren los registradores podrá acudir el interesado al Tribunal Supremo para resolución definitiva. El Tribunal Supremo confirmará o revocará la resolución del registrador y éste hará lo que procediere de conformidad con dicha decisión."

23 D.P.R. 704, 706; *Figueroa* v. *Registrador*, 31 D.P.R. 377, 379 y *Martínez* v. *Registrador*, 62 D.P.R. 862. La nota del registrador no está basada en presunción alguna. Apareciendo de la escritura que la compradora es viuda y que el precio convenido fue pagado con anterioridad a la fecha de su otorgamiento, el registrador, velando por los derechos de aquellos que pudieran tener algún interés en los bienes pertenecientes a la sociedad de gananciales que existió entre la recurrente y su difunto esposo, procedió correctamente al exigir constancia de cuál era el estado civil de la compradora recurrente en la fecha en que pagó el precio de la adquisición."

Si bien es cierto que de acuerdo con las disposiciones del Art. 65 antes transcrito, un defecto subsanable no impide inscripciones posteriores, cuando se trata de un defecto sobre la capacidad de los contratantes la cuestión es distinta. Como expresamos en *Autoridad de Fuentes Fluviales* v. *Registrador*, 62 D.P.R. 753 (1944): "La falta de acreditar la capacidad es de las que los tratadistas de Derecho Hipotecario sostienen que pueden ser subsanables o insubsanables, según los casos. Si por el título presentado o por las constancias del Registro, el Registrador tiene motivo racional para creer que la capacidad existe y que es posible acreditarla, en ese caso el no hacerlo se calificará de defecto subsanable. Por el contrario, si el Registrador no tiene motivo racional para esa creencia, el no acreditar la capacidad se calificará de defecto insubsanable y procederá denegar la inscripción." No habiéndose subsanado el defecto, el Registrador estuvo correcto én no inscribir, ya que no había constancia de que la otorgante no fuera casada al momento de hacer el pago inicial. Y si lo era estaría gravando un inmueble sin que comparecieran los herederos del esposo fenecido. *Rivera* v. *El Registrador de la Propiedad*, 17 D.P.R. 323 (1911); *Nido & Cía. S. en C.* v. *Registrador*, 74 D.P.R. 789, 802 (1953). Parafraseado lo que expresamos en *Rivera*: si en el presente caso la com-

pareciente tiene realmente capacidad para otorgar la escritura de hipoteca, será bien fácil demostrarlo. Y una vez destruido el obstáculo legal que existe la inscripción se verificará sin dificultad alguna.

*Se confirmarán las notas recurridas del Registrador.*