DELGADO, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una escritura de hipoteca voluntaria.

No. 211.—Resuelto en febrero 19, 1915.

BIENES PRIVATIVOS — SOCIEDAD DE GANANCIALES — DECLARACIÓN DE UNA PARTE INTERESADA.—La mera declaración de una parte interesada no es suficiente para justificar que determinada propiedad pertenece única y exclusivamente a uno de los cónyuges y no a la sociedad de gananciales.

BIENES GANANCIALES—EXPEDIENTE POSESORIO PROMOVIDO POR UNO DE LOS CÓNYUGES—PRESUNCIÓN.—La presunción de que los bienes adquiridos durante el matrimonio pertenecen a la sociedad de gananciales, no puede ser contradicha en un procedimiento para justificar la posesión, promovido por uno solo de los cónyuges.

CÓNYUGES—RES INTER ALIOS ACTA—EFECTO OBLIGATORIO.—La acción de un cónyuge en lo que respecta a los derechos del otro constituye *res inter alios acta* y no puede tener efecto obligatorio.

BIENES GANANCIALES—BIENES PRIVATIVOS—DECLARACIONES PRESTADAS EN UN EXPEDIENTE POSESORIO.—Las declaraciones de testigos prestadas en un procedimiento para justificar la posesión promovido por uno solo de los cónyuges no tienen valor alguno en cuanto se refieren a si los bienes de que se trata son gananciales o privativos del cónyuge peticionario, de acuerdo con la Ley Hipotecaria.

HIPOTECAS—INSCRIPCIÓN ANTERIOR DE OTRA ESCRITURA DE HIPOTECA.—La acción de un registrador al inscribir indebidamente una escritura de hipoteca anteriormente otorgada no le obliga a él ni a su sucesor al serle presentada para su inscripción, una nueva escritura de hipoteca sobre la misma propiedad.

AFFIDAVIT—BIENES PRIVATIVOS—USO DE UN AFFIDAVIT PARA ACREDITAR EL CARÁCTER PRIVATIVO DE UNA PROPIEDAD.—El objeto principal de un *affidavit* es para fines de la corte, pudiendo usarse para otros fines cuando la ley expresamente lo permita, no habiendo precepto alguno que autorice el uso de un *affidavit* para acreditar el carácter privativo de una propiedad.

ID.—ESCRITURA PÚBLICA—TRANSMISIÓN DEL DOMINIO.—Un *affidavit* no tiene el alcance de una escritura pública para la transmisión del dominio sobre bienes inmuebles, de acuerdo con el artículo 3 de la Ley Hipotecaria.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. *Andrés Mena*.

El Registrador sustituto Sr. Lorenzo Giménez García no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Este recurso que ha sido interpuesto contra el Registrador de Caguas promueve la cuestión relativa a si cierta prueba a la cual se ha hecho referencia es suficiente para acreditar que determinada finca era de la pertenencia única y exclusiva del marido y no pertenecía a los bienes gananciales, habiendo sido denegada la inscripción por la supuesta insuficiencia de dicha prueba. Se ha resuelto frecuentemente que la mera declaración de la parte interesada no es suficiente. Sin embargo, en este caso alegó el promovente que el carácter privativo de la finca del esposo Don Valentín Díaz Serrano está acreditado no solamente por las inscripciones que ya se han hecho en el registro, sino también por la declaración jurada de su esposa.

La inscripción primera, a la cual se refiere el apelante, es la de posesión de la finca a favor de Don Valentín Díaz Serrano a virtud de expediente posesorio por él promovido

siendo casado y aprobado por el Juez Municipal de Caguas.
En dicha inscripción consta que el esposo y dos de los propie-
tarios colindantes manifestaron ante el juez municipal que
aquél había adquirido la finca por herencia, parte de su madre
y la otra parte de su abuela. El juez municipal· libró la cer-
tificación interesada. La regla tercera del artículo 391 de
la Ley Hipotecaria al tratar de las declaraciones de los tes-
tigos en un expediente posesorio, prescribe lo siguiente:

"Artículo 391. * * *.

" "*Tercera.* Los testigos justificarán tener las cualidades expresa-
das en la anterior regla, presentando los documentos que las acre-
diten.

" "Contraerán sus declaraciones al hecho de poseer los bienes en
nombre propio el que promueva el expediente, y al tiempo que haya
durado la posesión, y serán responsables de los perjuicios que puedan
causar con la inexactitud de sus disposiciones.' "

El recurrente sostiene que este artículo no limita la decla-
ración de los testigos a la simple manifestación del hecho
de la posesión del promovente, pero entendemos que sí la
limita. El objeto del procedimiento es sencillamente el de
acreditar el título posesorio del peticionario.· La presunción
de que los bienes adquiridos durante el matrimonio son ga-
nanciales no puede ser contradicha en un procedimiento en
el cual no es parte la esposa y en que el fin manifiesto es esta-
blecer la posesión. Dicha posesión puede ser declarada a
favor de uno u otro de los esposos, bien que los bienes sean
gananciales o privativos. La jurisdicción del juez no va más
allá de la declaración del título posesorio. La acción de un
peticionario en lo que respecta a los derechos del otro esposo
constituye *res inter alios acta* y no puede tener efecto obli-
gatorio. No existe examen de repreguntas a los testigos y
la mente del juez municipal está fija solamente en la prueba
de la posesión. La cuestión referente al carácter privativo
de la finca no fué ni pudo ser sometida a la consideración

del juez municipal. Las declaraciones de los testigos de tal modo prestadas no tienen valor alguno como prueba de si los bienes son gananciales o privativos de uno de los cónyuges de acuerdo con la Ley Hipotecaria. Los casos de *Després* v. *El Registrador,* 14 D. P. R., 621, y *Boscio* v. *El Registrador,* 14 D. P. R., 624, citados por el registrador sostienen estas conclusiones. La escritura que en este caso fué presentada para su inscripción es una hipoteca constituída a favor del recurrente. Alega éste que con anterioridad había sido inscrita por el anterior registrador otra hipoteca otorgada por Don Valentín Díaz y Serrano sobre la misma finca como propiedad privativa de dicho Valentín Díaz y Serrano. Esa escritura no ha sido sometida a nuestra consideración y si un registrador cometió error su acción no es obligatoria para él o sus sucesores al serle presentada otra escritura de hipoteca. La inscripción indebida de una escritura anterior no prueba el carácter privativo de la finca.

Según los términos de la nota del registrador, su negativa a verificar la inscripción se basó en el hecho de que siendo ésta a virtud de expediente posesorio no tenía derecho a constituir hipoteca sin el consentimiento de su esposa, y también porque la declaración jurada de ésta era insuficiente atendida la naturaleza de la misma.

En el caso de *Sucesores de Andreu & Co., S. en C.,* v. *El Registrador,* 20 D. P. R., 421, este tribunal resolvió que el *affidavit* es principalmente para fines de la corte, pudiendo usarse para otros objetos cuando la ley expresamente lo permite. No hay precepto alguno que autorice el uso de un *affidavit* para acreditar el carácter privativo de una propiedad. El artículo 3 de la Ley Hipotecaria exige que para que un título sobre bienes inmuebles sea inscrito el acto por virtud del cual se transfiere el dominio deberá estar consignado en escritura pública u otro documento auténtico, judicial o del gobierno. En el caso que acabamos de citar tuvimos en cuenta

la naturaleza de este artículo. Es evidente que un *affidavit* no puede equipararse a una escritura pública.

Debe confirmarse la nota del registrador.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.