DELGADO, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán inscribiendo con defecto subsanable una escritura de venta de fincas rústicas.

No. 271.—Resuelto en abril 14, 1916.

ESTADO CIVIL—NOMBRE DEL CÓNYUGE CUANDO EL ADQUIRENTE ES CASADO—PRECIO DE COMPRA—SOCIEDAD CONYUGAL—PRESUNCIÓN DE MATRIMONIO.—El hecho de

que en la fecha de adquisición la ley solo exigiera al notario el hacer constar en la escritura el estado de la adquirente sin que estuviera obligado a expresar el nombre del cónyuge cuando era casado, no puede afectar los derechos de: este último cuando el precio de la compra procede de la sociedad conyugal, pues se presume, cuando el adquirente es casado al tiempo de la compra, que el precio de ella tiene su origen en la sociedad conyugal hasta tanto se demuestre lo contrario.

ID.—NOMBRE DEL CÓNYUGE—DEFECTO SUBSANABLE—PRESUNCIÓN DE MATRIMONIO.—Cuando en la escritura sólo consta que el adquirente era casado en la fecha de adquisición sin que aparezca el nombre del cónyuge, adolece de defecto subsanable un subsiguiente contrato sobre la propiedad. No existe presunción de que uno que hoy está casado con determinada persona lo estuviese con la misma en cierta fecha del pasado.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Benito Forés.*

El Registrador recurrido, Sr. A. Malaret, compareció en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Tomás Delgado presentó una escritura en el Registro de San Germán por la cual Doña Juana Ramona Vélez y Martínez, su madre y sus dos hermanos, vendieron cierta finca a dicho Delgado. El marido de Doña Juana, Don Fernando Ballester, también firmó la escritura para dar su consentimiento al traspaso hecho por su esposa. El registrador inscribió la escritura con el defecto subsanable de no acreditarse que Doña Juana Ramona Vélez y Martínez estuviese casada con Don Fernando Ballester al adquirir el condominio que enajena. El primitivo traspaso hecho a Doña Juana sólo decía que era casada, pero no expresaba quién era su marido.

Teníamos alguna duda respecto a si del registro no constaba que la propiedad en cuestión pertenecía a los bienes privativos de la esposa, puesto que aunque ella adquirió la misma por compra, lo hizo en unión de su madre y hermanos, hecho del cual resultaba probable que su título era exclusivo de cualquier derecho por parte de su marido en la fecha de la adquisición. Por tanto, hicimos que el registrador certificara la escritura original. De dicha certificación solamente aparece que Doña Juana Ramona y las demás personas adquirie-

ron por compra, pero no existe en la escritura nada que acredite cuál es el origen del dinero de la compra.

Alega el recurrente que en la fecha de la adquisición de la finca no había nada en la ley que exigiera al notario hacer constar el nombre del marido, sino meramente el estado de las personas que adquirían. Pero el hecho de que el notario no estaba obligado a expresar quién era el esposo, no podía afectar la cuestión de los derechos de éste último si en realidad de verdad el precio de compra de la participación de Doña Juana Ramona procedía de la sociedad conyugal. Se ha resuelto por nuestra jurisprudencia que se presume que el precio de compra tenía su origen en la sociedad conyugal hasta tanto se demostrara lo contrario.

Siendo esto así, era necesario demostrar de algún modo que Doña Juana en realidad estaba casada con su actual esposo en la fecha de la adquisición de la finca. Su marido en esa fecha, por presunción legal adquirió un derecho igual al de ella y si ha muerto, sus herederos tendrían un derecho. No existe presunción de que uno que hoy está casado con determinada persona lo estuviese con la misma en cierta fecha del pasado.

En estas circunstancias creemos que era necesario acreditar con quién estaba casada Doña Juana en el año 1906 para proteger el derecho del comprador, contra la eventualidad de que en esa fecha estuviera casada con uno que no fuera su actual esposo. El defecto es susceptible de ser corregido mediante prueba sencilla. Cuando una cosa es susceptible de ser corregida fácilmente con un costo tan insignificante y el registrador claramente procede en favor de personas que pueden ser terceros, creemos que las partes deben tratar de venir a un acuerdo aun cuando procediera una apelación técnica.

Debe confirmarse la nota.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.