CARMEN CAPÓ DE CINTRÓN, recurrente, *v.* EL REGISTRADOR DF LA PROPIEDAD DE PONCE, recurrido.

No. 894.—*Sometido:* Junio 23, 1933. *Resuelto:* Abril 12, 1934.

*Luciano Colón,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 27 de abril de 1932, en Ponce, comparecieron ante notario doña Rosa María Parra viuda de Sánchez, de una parte, y de la otra doña Carmen Capó Cintrón y su esposo René F. I. Cintrón Parra y otorgaron una escritura por virtud de la cual la señora Parra vendió a la señora Capó un solar que contiene dos casas y sobre el cual pesa una hipoteca constituída en garantía de un pagaré por tres mil dólares. La venta se verificó por el precio de tres mil doscientos dólares, doscientos que entregó la compradora a la vendedora en efectivo en el acto del otorgamiento de la escritura y tres mil que manifestó retener en su poder la compradora para pagar en su día el importe del pagaré. La cláusula tercera del contrato es como sigue:

"Hace constar la compradora señora Capó Cintrón que el dinero

con que verifica la adquisición de la finca descrita le corresponde privativamente por haberle sido dado en efectivo como anticipo de herencia por su señora madre doña María Josefa Natividad Vázquez Colón de Capó y quiere por tanto que la finca se inscriba a su favor como un bien privativo de ella, cuya manifestación corrobora y ratifica su esposo compareciente señor René Francisco Isidoro Cintrón Parra quien manifiesta su más absoluta conformidad por constarle la certeza de la procedencia del dinero con que adquiere su citada esposa.''

Dos días después comparecieron ante el mismo notario los esposos don Luis Capó y doña María J. N. Vázquez y su hija doña Carmen Capó y otorgaron una escritura que contiene las siguientes cláusulas:

''Primero.—Doña María Josefa Natividad Vázquez Colón declara y confiesa haber entregado en dinero efectivo a su hija doña Carmen Capó de Cintrón el día veinte y seis del corriente mes de abril la cantidad de doscientos dollars por vía de anticipo de herencia por cuya suma otorga la señora Capó de Cintrón recibo y resguardo en forma.

''Segundo:—Declaran y hacen constar los esposos don Luis Capó Matres y doña María Josefa Natividad Vázquez Colón que si bien entregaron a su citada los expresados doscientos dollars como anticipo de herencia, es su deseo y voluntad que dicha suma se tenga y considere como un donativo o regalo hecho a su precitada hija para el objeto expresado y que por tal razón no venga obligada ella a colacionar en forma alguna dicha suma al fallecimiento de cualquiera de ellos, toda vez que dicho donativo no perjudica en modo alguno a los donantes ni a sus futuros herederos forzosos.

''Tercero:—Doña Carmen Capó de Cintrón acepta la presente escritura quedando reconocida y expresando su agradecimiento a sus padres por el favor que le han dispensado; y yo el Notario en cumplimiento con lo dispuesto en la ley les hice las advertencias legales.''

Presentados ambos documentos en el Registro de la Propiedad del Distrito para su inscripción, ésta fué verificada pero ''con el defecto subsanable de no haberse acreditado el carácter privativo de la adquisición.''

No conforme la señora Capó de Cintrón interpuso el presente recurso gubernativo. En su alegato sostiene que a su juicio

". . . la procedencia del dinero pagado en el acto del otorgamiento de la escritura por la compradora o sean los $200, quedó plenamente justificada con la manifestación de la compradora (cláusula Tercera) de la escritura de compra y con la ratificación de la donante en la escritura subsiguiente, y por tanto que no existe el defecto apuntado por el Registrador por ahora en cuanto a esa cantidad. El resto del precio o sea el importe de la hipoteca que grava la finca a pagarse posteriormente es un hecho a acreditarse cuando el pago se efectúe. No está en 'issue' en este momento.''

A su vez el Registrador en su alegato sostiene su nota como sigue:

"La presunción de gananciales surge de la comproventa misma, . . . Es una presunción *juris tantum,* y la prueba en contrario no tiene que ser concluyente al extremo de producir absoluta certeza; pero debe ser, por lo menos, igual en eficacia a la que se requiere para resolver cualquier asunto en lo civil.

"En la más reciente de sus decisiones sobre la materia—Cabassa v. Registrador, 38 D.P.R. 252—la Honorable Corte dijo lo siguiente:

" '(1, 2) Según interpretamos nuestras propias decisiones, éstas son al efecto de que no bastará la mera manifestación de uno de los cónyuges, o aún del padre que se supone haberle hecho donación de bienes a la esposa. En otras palabras, una declaración escrita, aún de la parte contra quien pudiera surgir un impedimento (estoppel), no bastará para contrarrestar la presunción establecida. El registro debe arrojar certeza. ¿Es esta una certeza que no deja posibilidad de fraude o error? No podemos resolverlo así, porque después de todo sólo hay pocos casos en los cuales tal certeza absoluta podría establecerse. En un inmenso número de casos, una persona casada que ha recibido bienes antes o después de haberse celebrado el matrimonio, podría ser negligente en conservar su prueba o en mantener el status quo de los bienes, que una vez pudo probarse claramente. Anteriormente, hemos indicado nuestras dudas respecto a un requisito demasiado estricto, en el caso de Marrero, v. El Registrador, 34 D.P.R. 202, y en el de Alum Pérez v. El Registrador de Arecibo, de marzo 20, 1928, 37 D.P.R. 894 tomamos una posición más definitiva, al efecto de que la presunción puede ser destruída, como en otros casos, cuando existe bastante prueba corroborativa de las manifestaciones.'

"La resolución de 2 de diciembre de 1889 que la recurrente cita en la página 4ª. de su alegato, y la ley que por dicha resolución fué

interpretada sólo tienen un valor histórico. Los preceptos de ahora son los incisos 1 y 4 respectivamente de los artículos 1316 y 1314 del Código Civil de Puerto Rico—arts. 1301 y 1299 C.C. ed. de 1930. En cuanto a ellos, la jurisprudencia establecida por las decisiones de la Honorable Corte, según quedó explicada en Cabassa v. Registrador, supra, es bien clara y terminante: no basta para contrarrestar la presunción de gananciales la declaración de los cónyuges, NI AUN LA DEL PADRE QUE SE SUPONE HABERLE HECHO DONACIÓN DE BIENES A LA ESPOSA.

No creemos que la donación escriturada con posterioridad al título de compra en este caso sea de más fuerza probatoria que la actuación del padre en el caso de Sánchez et al. v. Registrador, 28 D.P.R. 669.''

La ley y la jurisprudencia sobre la materia han sido bien expuestas y aplicadas por el Registrador y en tal virtud *su nota debe ser confirmada.*

El Juez Asociado Señor Hutchison disintió.*