José Isern Aponte, sustituído por Carmen Isern de la Cruz, demandante y apelada, *v.* Luisa Ramírez Santana y Clotilde Benítez Rexach, demandadas y apelante la última.

Núm. 7912.—*Sometido:* Abril 10, 1940. *Resuelto:* Julio 18, 1940.

*Jaime Benítez* y *Géigel & Silva,* abogados de la apelante; *Francisco González Fagundo,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Durante su matrimonio con la demandada Luisa Ramírez Santana el demandante adquirió por título de compraventa una casa ubicada en el pueblo de Caguas. Alega el demandante que en mayo 19 de 1928 el demandante y su esposa de común acuerdo traspasaron el título sobre dicha casa a doña Belén Maldonado para que lo retuviera hasta que el demandante le ordenara traspasarlo a cualquiera otra persona o al demandante y su esposa; que en el traspaso hecho a la Sra. Maldonado no medió precio o consideración alguna; que en noviembre 10, 1928, la Sra. Maldonado traspasó el título sobre la casa a Luisa Ramírez Santana, quien estaba aún casada con el demandante; que en la escritura de traspaso se hizo constar falsamente que el precio de la venta había sido recibido en el acto del otorgamiento y en presencia del notario y de los testigos, cuando en realidad no medió precio ni consideración de clase alguna; y que en dicha escritura se dijo también falsamente que el dinero invertido en la compra por Luisa Ramírez Santana pertenecía a ella exclusivamente por herencia de su hermana doña Dolores Ramírez

Santana. Se alega además que en marzo 1 de 1934, estando ya divorciada del demandante, Luisa Ramírez Santana traspasó la casa a la otra demandada Clotilde Benítez Rexach, por $500 que dijo haber recibido, sin que fuera cierto, pues el traspaso se hizo sin que mediara precio o consideración alguna y con el único objeto de privar al demandante de su participación en el inmueble. Pide el demandante que se dicte sentencia declarando que la casa pertenece a la sociedad de gananciales y que el contrato de venta entre las dos demandadas es inexistente.

Contestó la demandada Clotilde Benítez Rexach haciendo una negación general de los hechos de la demanda y alegó: que la finca en cuestión fué adquirida por Luisa Ramírez Santana desde 1917 por compra a varias personas de apellido Martínez Chapel; que dicha señora Ramírez obtuvo del municipio de Caguas el usufructo del solar en que está edificada la casa; que fué ella también la que en 1917 tramitó un expediente para acreditar la posesión de la casa, quedando dicho expediente inscrito a su favor en el registro de la propiedad; que siendo la casa propiedad de Luisa Ramírez Santana, el esposo de ésta, el demandante, firmó la escritura de traspaso a Belén Maldonado con el único fin de prestar su consentimiento; que Luisa Ramírez compró la finca a Belén Maldonado por $500 que pagó con dinero adquirido por herencia de su hermana Dolores Ramírez, según escritura de partición de bienes de mayo 23, 1928; que en la demanda de divorcio entablada por Luisa Ramírez contra el demandante se hizo constar que no existían bienes que tuvieran la condición de gananciales; que la adquisición de la finca por Clotilde Benítez Rexach fué un contrato lícito; y que la demanda no aduce hechos suficientes para constituir causa de acción.

Visto el caso ante la Corte de Distrito de Humacao, dictó ésta sentencia declarando nulo e inexistente el contrato entre Luisa Ramírez y Clotilde Benítez Rexach en cuanto el mismo pueda afectar la participación que por concepto de ganan-

ciales pertenecía al demandante, y válido en cuanto a la participación que por igual concepto pertenecía a Luisa Ramírez.

Clotilde Benítez Rexach, apelante ante esta Corte Suprema, sostiene que la corte inferior erró: al declarar sin lugar la moción de *nonsuit* presentada por la demandada; al declarar parcialmente con lugar la demanda; al apreciar la evidencia; al dictar sentencia en contravención del artículo 191 del Código de Enjuiciamiento Civil; y al resolver este pleito mediante la aplicación de una teoría distinta a la que sirve de fundamento a la demanda. Alega además, que la sentencia recurrida es contraria a derecho porque resuelve el caso a base de cuestiones legales (*issues*) que no fueron planteadas en las alegaciones; porque no está sostenida por las alegaciones de la demanda; y porque priva a la demandada apelante de su propiedad sin el debido proceso de ley.

Examinemos la prueba:

En el acto de la vista la parte demandante ofreció en evidencia las tres escrituras públicas a que se hace referencia en la demanda y la siguiente prueba testifical: Belén Maldonado, declaró: que doña Luisa Rodríguez Santana le vendió la casa por $500, suma que ella le pagó en billetes de banco en presencia del notario Lic. Luis Mendín Sabat; que conoce a don Andrés Mena, allí presente; que nunca ha hablado con Mena acerca de la escritura de compra de la casa; que no es cierto que le haya dicho a Mena que ella no había dado un centavo por la finca y que había aceptado el traspaso a su favor para complacer a Pepito Isern y a su esposa; que tampoco es cierto que ella haya dicho tal cosa a Francisco Ramis; que es falso que ella dijera a doña Carmen Cruz, o a Ramis o a Mena que ella no había pagado nada por la casa. Preguntada tres veces por el juez si ella había hecho tales manifestaciones, contestó enfáticamente en la negativa.

Llamado a declarar Andrés Mena, abogado-notario, declaró: que conoce a Belén Maldonado; que ella fué a su bufete a decirle que había recibido una citación para venir a declarar como testigo en este caso; que él le preguntó:

"¿Y qué hay de esa cuestión?," y ella le respondió: "Yo voy a decir la verdad"; que ella le dijo que no recordaba la fecha de la escritura.

La Sra. Carmen de la Cruz, madre de la niña Carmen Isern de la Cruz, hija y heredera de José Isern Aponte, declaró: que conoce de vista a Belén Maldonado; que ésta fué a su casa a decirle que la habían citado como testigo y que no tenía dinero para el viaje; que le dijo que ella venía a la corte a decir la verdad, que ella no tenía interés en este caso ni en nada, que venía a decir lo que había quedado Pepito con ella, que Pepito había ido con Luisa, porque en esos días estaban los negocios muy malos y que iba a perder la casa, y por no dejar a la señora en la calle él le dijo a ella y le suplicó que hicieran la escritura a nombre de ella y ella no recibió dinero en aquel momento ni nada, y quedaron en que cuando no hubiera peligro de nada, entonces cambiarla otra vez a nombre de Luisa.

La moción de *nonsuit* de las demandadas se basó en que no se había presentado evidencia en lo más mínimo para impugnar la prueba sobre la consideración del contrato de la demandada Clotilde Benítez; y en que asumiendo que la venta a Belén Maldonado fuese un convenio de traspaso, el demandante estaría ahora impedido en cuanto a Clotilde Benítez de impugnar su propio contrato.

Examinemos la prueba documental de ambas partes, en orden cronológico:

1. Escritura de mayo 21, 1917, por la cual don Juan Martínez Chapel y cinco condueños más, venden seis octavas partes indivisas de la casa a Luisa Ramírez, mayor de edad, *casada* con José Isern Aponte, por $360 que los vendedores confiesan haber recibido. El párrafo segundo de la escritura lee así:

"Segundo: La compradora, sin otro acto que este otorgamiento, entrará en posesión de las participaciones que adquiere por el presente título y ratifica en todas sus partes la escritura número ciento veinte y siete, otorgada ante el notario autorizante, por la cual el

esposo de dicha compradora, aceptó a su nombre la compraventa de dos participaciones de la descrita finca hecha a doña María del Carmen y don Ramón Martínez Chapel.''

2. Escritura de 19 de mayo de 1928; los esposos Isern-Ramírez exponen *que son dueños* de la casa por haberla adquirido por compra a doña Rosario Martínez Chapel y otros; y que ''Don José Isern Aponte, asistido y con el consentimiento de su esposa, la compareciente Luisa Ramírez Santana, *vende* y *transmite* en favor de Belén Maldonado, la casa que se describe en esta escritura..., por el convenido precio de $500 *que los esposos vendedores* reciben en este acto de la compradora, en billetes de banco de curso legal.'' El notario no da fe de la entrega del dinero en su presencia. Al final del documento da fe de todo cuanto en él se deja consignado.

3. Escritura de 10 de noviembre, 1928, por la cual Belén Maldonado vende la casa a Luisa Ramírez Santana, *casada* con José Isern Aponte ''que no concurre a este acto por tratarse de bienes privativos de la esposa compareciente.'' La venta se efectuó por precio de $500, ''cuya suma recibe la vendedora en este acto a mi presencia y la de los testigos.'' No da fe el notario de la entrega del dinero.

En cuanto a la procedencia del dinero que doña Luisa Ramírez Santana dice pagó a Belén Maldonado como precio de la casa objeto de la compraventa, la escritura expone:

''Doña Luisa Ramírez Santana, manifiesta que el dinero invertido en la compra de la casa que se describe en esta escritura, pertenece exclusivamente a ella, por haberlo adquirido por herencia de su hermana doña Dolores Ramírez Santana conocida también por Dolores Ramírez de Arellano y Santana, que falleció en el pueblo de Cayey, Puerto Rico, habiéndose consignado la escritura de partición de los bienes dejados al óbito de dicha Dolores Ramírez Santana, en la escritura número veinte, de fecha veinte y tres de mayo de 1928, la que fué aprobada por la Corte de Distrito de Guayama, siendo por tanto la indicada suma, bienes privativos de Luisa Ramírez Santana, haciendo esta aclaración a los efectos del Registro de la Propiedad.''

En la inscripción de la venta hecha por Belén Maldonado a Luisa Ramírez, practicada en diciembre 10, 1928, se hizo constar el defecto subsanable de no acreditarse en debida forma la procedencia del dinero invertido en la compra, no obstante lo que se dice en el documento, pues no se acompañó la escritura de partición de bienes de la herencia de Dolores Ramírez. El citado defecto fué subsanado en el registro en marzo 13 de 1934.

4. Copia de la demanda de divorcio interpuesta por Luisa Ramírez Santana contra su esposo José Isern Aponte, por abandono, en la que la demandante hace constar que no existen bienes gananciales; y copia de la sentencia en rebeldía, dictada el 15 de abril de 1932.

5. Escritura de marzo 1, 1934, por la cual Luisa Ramírez Santana, *divorciada,* vende a Clotilde Benítez Rexach la casa en cuestión por $500 ''que la vendedora recibe de la compradora en este acto,'' sin que el notario dé fe de la entrega del dinero en su presencia.

6. Escritura de mayo 23, 1928, sobre partición de la herencia de Dolores Ramírez Santana, de la cual aparece que a la heredera Luisa Ramírez Santana se le adjudicaron dos casas valoradas en $1,500, más $647.18 en efectivo, o sea un valor total de $2,147.18, suma que debía ser aplicada a cubrir su participación en la herencia por $320.38, y el resto para pago de deudas del caudal hereditario.

Como testigo de la demandada declaró el notario Luis Mendín Sabat ante quien fueron otorgadas todas las escrituras antes relacionadas, y dijo: que a Luisa Ramírez Santana se le adjudicaron bienes por valor de dos mil y pico de dólares y seiscientos y pico de dólares en efectivo; que el dinero que ella hizo con los bienes que se le adjudicaron se quedó con él y con ese dinero fué que ella compró la casa para su exclusiva conveniencia y uso; que en la escritura de Belén Maldonado hubo pago; que hubo pago en las otras escrituras y que también lo hubo en la de Clotilde Benítez Rexach.

La apelante no discute separadamente los nueve errores que en su alegato le atribuye a la corte sentenciadora, sino que los agrupa alrededor de tres cuestiones fundamentales. En la primera de dichas tres cuestiones se mantiene que la corte inferior infringió las disposiciones del artículo 191 del Código de Enjuiciamiento Civil, que dispone:

"Artículo 191.—La declaración que se hiciere en favor del demandante, si no hubiere contestación, no podrá exceder de lo que hubiere pretendido en la demanda; pero en cualquier otro caso, la corte puede concederle, lo que siendo compatible con lo alegado en la demanda, estuviere comprendido en el asunto objeto del litigio."

Como en el caso de autos la demandada Clotilde Benítez Rexach radicó una contestación a la demanda, no está envuelta la aplicación de la primera parte del artículo antes transcrito, de la cual podemos prescindir.

Sostiene la apelante que es incompatible con lo alegado en la demanda el decretar como lo decretó en su sentencia del día 24 de mayo de 1938 la corte inferior "...la nulidad e inexistencia del contrato celebrado entre doña Luisa Ramírez y doña Clotilde Benítez Rexach el día 1 de marzo de 1934...en tanto en cuanto el mismo se refiere a o afecta la participación que por concepto de gananciales pertenecía a don José Isern Aponte, correspondiente hoy a sus herederos, continuando subsistente y en vigor dicho contrato en lo concerniente a todo derecho y participación que sobre la finca objeto del mismo pertenecía a doña Luisa Ramírez Santana en la fecha en que el mismo se otorgó." Si en dicho contrato no medió precio, dice la apelante, el mismo es inexistente según el artículo 1213 del Código Civil y no pudo por tanto la corte inferior sostenerlo en cuanto a la participación de doña Luisa Ramírez y al mismo tiempo anularlo en cuanto a la de don José Isern Aponte. Hasta aquí está en lo cierto la apelante al decir que existe incompatibilidad entre lo pedido y lo concedido, ya que el demandante no ataca en su demanda la validez parcial de la escritura número 3, otorgada

el día 1 de marzo de 1934, sino que la impugna en su totalidad por motivos que van a la raíz misma del contrato de compraventa en ella consignado. Pero, ¿y si hubiera mediado causa en el contrato, podría decirse lo mismo? Opinamos que no. Si contrario a lo que el demandante alega en su demanda, hubiera mediado precio en las tres escrituras impugnadas, entonces la casa objeto de este litigio hubiera pertenecido a la sociedad de gananciales constituída por don José Isern Aponte y doña Luisa Ramírez Santana, pues la demandada no logró destruir con su evidencia la presunción que establece el artículo 1307 del Código Civil, reputando gananciales todos los bienes del matrimonio mientras no se pruebe que pertenecen privativamente al marido o a la mujer. Esa presunción nació en el presente caso desde el momento mismo en que se otorgara en 10 de noviembre de 1928 la escritura número 76, por virtud de la cual doña Luisa Ramírez Santana, durante su matrimonio con don José Isern Aponte, adquirió a título oneroso la casa objeto de este litigio. No destruye esa presunción el hecho de que en la escritura de adquisición la compradora manifieste que ha heredado de su hermana el dinero invertido en la compra, pues como muy bien dice la corte inferior en su opinión, "...no parece razonable en derecho que la sola manifestación de uno de los cónyuges, en su propio beneficio y en contra del interés del otro cónyuge, en ausencia del perjudicado y sin que éste en forma alguna con posterioridad ratifique dicha manifestación, pueda ser considerada suficiente para lesionar su derecho o perjudicar sus intereses." Tampoco la destruye el hecho de que en la demanda de divorcio radicada por Luisa Ramírez Santana contra su esposo José Isern Aponte, éste permitiera que se fallara el pleito en rebeldía, existiendo en la demanda una alegación de que no había bienes gananciales sujetos a liquidación.

La corte de distrito falló este asunto partiendo de la base de que en las escrituras impugnadas medió precio. Si el demandante hubiera logrado probar las alegaciones de su

demanda, o sea que eran nulas por no haber mediado precio las escrituras otorgadas en 19 de mayo de 1928, en 10 de noviembre de 1928 y en 1 de marzo de 1934, la corte sentenciadora hubiera tenido que llegar a la misma conclusión a que llegó, rechazando la contención del demandante. Anuladas las tres escrituras impugnadas y siendo insuficiente la evidencia presentada por la demandada para destruir la presunción de propiedad ganancial recaída sobre la casa desde que originalmente la adquirió para sí la demandada por medio de la escritura número 128 otorgada en 21 de mayo de 1917, cuando estaba casada con José Isern Aponte, la sentencia de la corte inferior no hubiera podido ser otra que la que dictó. Y puesto que las alegaciones de la demanda, de haberse aquéllas probado, hubieran ameritado un fallo igual al emitido, no encontramos la incompatibilidad alegada por la apelante en esta primera cuestión, que debe por tanto desestimarse. Pasemos ahora a la segunda.

██ Se sostiene en ella que la corte sentenciadora resolvió el pleito a base de una teoría distinta a aquella que se alega en la demanda. El pleito se resolvió, dice la apelante, a base de la validez de las tantas veces mencionadas escrituras; precisamente lo contrario de lo que en la demanda se alega. No hay duda ninguna de que al resolver la corte sentenciadora el pleito en la forma que lo hizo tuvo que partir de la premisa de que en dichas tres escrituras medió precio. La cuestión se reduce, pues, a decidir si a pesar de no haber probado el demandante las alegaciones de su demanda pudo la corte *a quo* declararla con lugar en parte, basándose, según la apelante, en una teoría distinta. El verdadero propósito de la demanda, según lo en ella alegado, parece ser el que se decretase que la finca objeto del pleito es un bien ganancial. El demandante no pide que se le dé título a él solo sobre toda la finca. Por el contrario, es bien explícito en la súplica de la demanda al solicitar de la corte que " ...dicte sentencia declarando que la casa descrita en esta demanda *pertenece a la sociedad de gananciales constituída por José Isern Aponte y*

*Luisa Ramírez Santana,* y declarando inexistente el contrato consignado en la escritura número 3 de 1 de marzo de 1934, otorgada por Luisa Ramírez Santana a favor de Clotilde Benítez Rexach, condenando a las demandadas al pago de las costas.'' ■ Y si bien es cierto que la súplica no forma parte de la demanda, también lo es que sirve para interpretarla. Al solicitar el demandante la nulidad de las escrituras núms. 19, 76 y 3, antes referidas, indudablemente lo hizo con el propósito de que la finca quedase como un bien perteneciente a la sociedad de gananciales constituída por él y por su esposa doña Luisa Ramírez Santana.

Es verdad que la corte sentenciadora no creyó la prueba del demandante al efecto de que en el otorgamiento de dichas tres escrituras no medió precio. Pero ello no le impedía hacer una adjudicación de la casa a favor de la sociedad de gananciales. La verdadera esencia de la demanda, la única teoría expuesta, de acuerdo con la súplica, y con los resultados si la corte inferior hubiera encontrado probadas las alegaciones de la demanda, era que por un tribunal de justicia se dictaminase que la casa pertenecía a la sociedad de gananciales habida entre José Isern Aponte y Luisa Ramírez Santana. Creemos que la teoría es la misma aunque los fundamentos no lo son. ■ Pero como los fundamentos de una sentencia, de acuerdo con lo tan repetidamente resuelto por este tribunal, no son objeto de apelación, y sí sólo la sentencia, si ésta es correcta, aunque aquéllos no lo sean, debe sostenerse.

■ Nos falta decidir con relación a esta misma cuestión si la demandada Clotilde Benítez Rexach es un tercero hipotecario cuyo derecho quedó afectado por la sentencia apelada. La escritura núm. 76 otorgada el día 10 de noviembre de 1928, fué inscrita en el Registro de la Propiedad ''...con el defecto subsanable de no acreditarse en debida forma la procedencia del dinero invertido en la compra, aunque en el documento se expresa que dicho dinero pertenece exclusivamente a doña Luisa Ramírez Santana por haberlo heredado de su

hermana Dolores Ramírez Santana según se consignó en la escritura de partición de bienes de dicha causante, la cual escritura no se acompañó ni de la cual se tiene conocimiento en este registro.'' Este defecto fué subsanado el día 13 de marzo de 1934, o sea doce días después de haber adquirido Clotilde Benítez Rexach la finca, de doña Luisa Ramírez Santana. De modo que en la fecha de la adquisición el registro ponía sobre aviso a Clotilde Benítez Rexach de que el carácter privativo de la finca que adquiría no había sido acreditado debidamente, por lo que al adquirir corría el riesgo de que ocurriera lo que como cuestión de hechos ha sucedido. No creemos, por tanto, que Clotilde Benítez Rexach pueda reclamar los derechos que a un tercero le confiere la Ley Hipotecaria.

■■ Veamos ahora la tercera cuestión suscitada por la apelante en su alegato, o sea: que la prueba del demandante es insuficiente, y que la corte se equivocó al apreciar tanto la del demandante como la de la demandada.

Aun aceptando que la evidencia del demandante es insuficiente para probar que en el otorgamiento de las escrituras núms. 19, 76 y 3, antes mencionadas, no medió precio, opinamos que era suficiente para establecer el hecho de que la casa en cuestión pertenecía en propiedad a la sociedad de gananciales. La prueba documental de la demandada, consistente en la escritura núm. 76 de 10 de noviembre de 1928 en que Luisa Ramírez Santana manifiesta que el dinero con que adquiere la finca procede de una herencia de su hermana, y los autos del pleito de divorcio núm. 16,588 establecido por Luisa Ramírez Santana contra su esposo José Isern Aponte en el que aparece en la demanda la alegación de la allí demandante al efecto de que no existían bienes gananciales sujetos a liquidación, y la sentencia de la corte fallando el pleito en rebeldía, no puede considerarse suficiente para destruir la presunción de ganancial que tiene la casa objeto de este litigio. Y si como hemos visto antes, la corte inferior no aplicó a este caso una teoría de derecho distinta a la alegada

en la demanda, debemos llegar a la conclusión de que los errores que constituyen la tercera cuestión tampoco se cometieron.

*En tal virtud, es de confirmarse la sentencia apelada, y así debe ordenarse.*

El Juez Asociado Sr. De Jesús no intervino.