BEATRIZ MARTÍNEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Núm. 1135.—*Sometido:* Diciembre 13, 1943. *Resuelto:* Enero 20, 1944.

*J. A. Surís Agraít,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Ante el Registrador de la Propiedad de San Germán se presentó para su inscripción la escritura número cuarenta y tres, otorgada en veintidós de septiembre de mil novecientos cuarenta y tres, ante el notario José A. Surís Agraít, por la cual Domingo Torres Guerra, actuando por sí, vende un solar y casa a Beatriz Martínez, haciendo constar por la cláusula segunda de dicha escritura lo siguiente: "Aclara el compareciente de la primera parte que si bien es verdad que en la escritura de adquisición número ochenta y cinco, hizo constar que era casado con doña María Criselda Ramírez lo cierto es que era soltero y solamente vivía maritalmente con la predicha, no habiendo contraído matrimonio hasta el año mil novecientos treinta y ocho, con María Isolina Lucena, lo que acreditará oportunamente."

Como complementarios al anterior documento, fueron presentados los siguientes: 1. Escritura de Acta Aclaratoria número cuarenta y seis, otorgada en San Germán, a primero de noviembre de mil novecientos cuarenta y tres, ante el mismo notario, por la cual dicho Domingo Torres Guerra, por sí, y los anteriores dueños del solar, esto es, aquellos de quienes adquirió Torres Guerra, manifiestan que éste era soltero en la fecha de adquisición. 2. Certificación del Jefe del Negociado de Estadística Demográfica, José L. Janer, de fecha veintidós de octubre de mil novecientos cuarenta y tres, acreditativa de que desde el mil novecientos treinta y uno al mil novecientos treinta y cinco, no se encontró inscrito en dicho negociado el matrimonio de Domingo Torres Guerra con María Criselda Ramírez. 3. Otra certificación acreditativa del matrimonio de Domingo Torres Guerra con María Isolina Lucena, celebrado en el año 1938.

El registrador denegó la inscripción solicitada a virtud de la siguiente nota:

"DENEGADA la inscripción del documento que precede, por observar que el solar que se vende aparece inscrito a favor del vende-

dor, casado con María Criselda Ramírez, sin que comparezca ésta a prestar su consentimiento para la venta, no siendo suficiente el acta aclaratoria acompañada en la que se informa que era errónea la manifestación de dicho estado civil, ni tampoco la certificación sobre la no localización de dicho matrimonio en la población de San Germán; y por observar además que no se acredita el estado civil del vendedor en la fecha de la construcción de la casa, si bien pudo haber sido el mismo de cuando adquirió el solar o el de ahora en que es casado con María Isolina Lucena, sin que ésta comparezca tampoco a dar su consentimiento para la venta de dicha casa, por lo que tomo en su lugar anotación preventiva por el término legal a favor de la compradora de su derecho, . . .''

▆▆▆▆ Sostiene el Registrador en su alegato que apareciendo del registro que Torres adquirió el solar siendo casado con María Criselda Ramírez existe la presunción de que se trata de bienes gananciales habidos durante el matrimonio y que para enajenarlos Torres necesita el consentimiento de la que él dijo ser su esposa—Artículo 1313 del Código Civil—y arguye que los documentos complementarios citados no son suficientes para destruir la presunción de casado del vendedor según aparece del registro. Cita en apoyo de su nota los casos de *Delgado* v. *Registrador,* 23 D.P.R. 704, 706 y *Figueroa* v. *Registrador,* 31 D.P.R. 377, 379. En el primero se resolvió que ''no existe presunción de que uno que hoy está casado con determinada persona, lo estuviera con la misma en cierta fecha del pasado'', y en el segundo se citó del caso de *Bennett* v. *State,* 103 Georgia 67, 29 S. E. 919, en parte, lo siguiente: ''No existe ninguna presunción legal o de hecho de que un hombre o una mujer sea soltero ni presunción en contrario.''

La recurrente se limita a sostener que el acta aclaratoria y la certificación negativa del Registro Demográfico son suficientes para que el registrador inscriba la escritura de venta, ya que la presunción que existía a virtud de la primera escritura de que Torres era casado ha sido destruída por los mencionados documentos.

Creemos que la nota recurrida debe ser confirmada. Apareciendo de la escritura de compraventa que el comprador era casado, la inscripción del solar en el registro conlleva la presunción de que dicho terreno pertenecía a la sociedad de gananciales—Artículo 1307, Código Civil. Fuera cierto o no que el comprador, Domingo Torres, era casado con María Criselda Ramírez, el hecho es que la inscripción creó un estado de derecho a favor de la que se mencionó como esposa. Ahora se pretende, a través de un acta aclaratoria en la cual no comparece María Criselda Ramírez, que en el registro se varíe dicho estado. Consideramos que esto no podía hacerlo el registrador. Otra hubiera sido la situación si la única parte que puede ser afectada, María Criselda Ramírez, hubiera comparecido en dicha Acta Aclaratoria, corroborando la afirmación del que ahora dice fué su concubino y antes dijo era su esposo. No habiendo comparecido cabe la posibilidad de que se haya negado por estar en condiciones de probar que en realidad estuvo casada con Torres. De surgir una situación como esta correspondería a las cortes resolverla y no al Registrador.

La certificación negativa del Registro Demográfico de San Germán tampoco es suficiente pues como bien sostiene el recurrido el matrimonio ha podido celebrarse en cualquier otro pueblo de Puerto Rico y aun en el extranjero. El hecho de que en la actualidad Domingo Torres esté casado con María Isolina Lucena no establece presunción alguna en cuanto a su verdadero estado civil en el año 1935, cuando en documento auténtico hizo constar que era casado con María Criselda Ramírez. *Figueroa* v. *Registrador,* supra.

*Debe confirmarse la nota recurrida.*

El Juez Asociado Sr. Snyder no intervino.