José Luis Vilella Suau, recurrente, *v.* El Registrador de la Propiedad de Aguadilla, recurrido.

Núm. 1152.—*Sometido:* Noviembre 6, 1944. *Resuelto:* Enero 15, 1945.

*Gilberto López de Victoria,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

José Luis Vilella Suau presentó para su inscripción en el Registro de la Propiedad de Aguadilla la escritura número 36 otorgada el 27 de febrero de 1939 ante el notario G. López de Victoria, por la cual Luis Vilella Vélez y su esposa Mercedes Suau hacen constar que en el año 1933, siendo entonces soltero José Luis Vilella Suau, le habían vendido dos fincas rústicas radicadas en Lares. El registrador inscribió el documento en cuanto a las dos fincas, pero apareciendo que al tiempo de otorgarse la escritura en 1939 el comprador era casado con Francisca Casasnovas, practicó la inscripción como bienes gananciales con el defecto subsanable de no acreditarse que José Luis Vilella Suau fuese soltero al

adquirir las fincas en 1933. El comprador consintió la nota y para subsanar el defecto acompañó un acta aclaratoria suscrita por las mismas personas que otorgaron la escritura de compraventa, y además por Francisca Casasnovas, en la cual se aclaran ciertos particulares relacionados con la cabida de las fincas y aseguran todos los otorgantes que José Luis Vilella Suau era soltero cuando las compró por documento privado en 1933. Á fin de probar ese extremo, en el acta aclaratoria se transcribe la ''Certificación de la Celebración del Matrimonio'' con Francisca Casasnovas. En lo pertinente, la certificación dice así:

''Yo, . . . celebré en Mayagüez a las 2 de la tarde del día 30 de marzo de mil novecientos 36, el matrimonio que de su libre y espontánea voluntad contrajeron ante mí José Luis Vilella y Francisca Casanovas [sic] certificando la celebración de tal acto los testigos presenciales del mismo, . . .''

El registrador inscribió el documento en cuanto a los otros particulares, y denegó la subsanación del defecto por entender que la citada certificación no es suficiente para establecer que el estado civil de José Luis Vilella Suau en la época en que adquirió las fincas fuese el de soltero, y por entender además que el defecto en cuestión sólo puede subsanarse a virtud de pronunciamiento judicial de conformidad con el procedimiento prescrito por la Ley núm. 106 de 12 de mayo de 1937 (Leyes de 1936–37), pág. 254, y tomó anotación preventiva por 120 días.

La certificación del matrimonio transcrita en el acta aclaratoria sólo acredita que José Luis Vilella Suau contrajo matrimonio con Francisca Casasnovas en Mayagüez el 30 de marzo de 1936 a las dos de la tarde. Esa certificación no destruye la posibilidad de que cuando se celebró el contrato de compraventa en 1933 José Luis Vilella Suau estuviese casado y que cuando contrajo matrimonio en 1936 con su actual esposa fuese viudo o divorciado. *Martínez* v. *Registrador*, 62 D.P.R. 862.

■ Tampoco es suficiente para acreditar el carácter privativo de esos bienes el hecho de que la actual esposa lo consigne en el acta aclaratoria. *Capó* v. *Registrador,* 46 D.P.R. 523; *Isern* v. *Benítez,* 57 D.P.R. 342.

Por lo tanto, tenemos que concluir que el primer motivo consignado por el registrador es correcto.

■ Empero, no convenimos con el registrador en cuanto asegura que el defecto señalado sólo puede subsanarse a virtud de pronunciamiento judicial de acuerdo con el procedimiento prescrito por la Ley núm. 106 de 1937, que fué adicionada a la Ley Hipotecaria como su artículo 388-D. El artículo, en lo pertinente, dice:

"Cualquier persona natural o jurídica que tenga inscritos a su favor bienes inmuebles o derechos reales sobre los mismos, en cuyas inscripciones se hayan consignado defectos subsanables, con motivo de los cuales no se hubiese iniciado ni estuviese pendiente de sentencia final algún procedimiento judicial, *y que por cualquier razón no pudiesen subsanarse o fuesen de difícil subsanación, después de transcurridos diez años a contar desde la fecha en que fuera consignado el defecto,* si el mismo se refiriera a la capacidad legal o al estado civil de las partes en el acto o contrato objeto de inscripción, o en cualquier tiempo después de la consignación de tal defecto, si el mismo se refiriese a cualquiera otra circunstancia, podrá comparecer por medio de una petición escrita ante la corte de distrito donde radique la propiedad o parte de ella, describiendo en dicha petición los bienes inmuebles o los derechos reales inscritos y la naturaleza del defecto o defectos consignados, solicitando la cancelación de dichos defectos." (Bastardillas nuestras.)

Es evidente que el citado artículo no excluye los demás medios que siempre se han usado par corregir defectos como el del presente caso. Sólo es indispensable recurrir al procedimiento prescrito por el artículo transcrito en los casos a que el mismo se refiere, es decir, cuando por cualquier motivo el defecto no pudiere subsanarse o fuese de difícil subsanación, después de haber transcurrido diez años desde la consignación del defecto. *Olivencia* v. *Registrador,* ante, pág. 144.

*No siendo el acta aclaratoria suficiente para acreditar el carácter privativo de las fincas, procede por el primer motivo consignado por el registrador confirmar la nota recurrida.*