VICENTE SANTALIZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1262.—*Sometido:* Febrero 1, 1950. *Resuelto:* Marzo 24, 1950.

*José Sabater,* abogado del recurrente; el Registrador recurrido
comparecíó por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En 1948 varios individuos otorgaron una escritura ratificando la venta que se hizo de cierta finca a Vicente Santaliz en 1930. Esta escritura fué inscrita con el defecto subsanable de "no expresarse el estado civil del comprador en la fecha que se concertó el contrato". Para subsanar este defecto, Santaliz presentó (1) certificado del matrimonio celebrado entre él y Juana Forestier el 13 de enero de 1941; (2) declaración jurada de su hermana mayor en la que se hace constar que éste no estaba casado en 1930, y que su único matrimonio fué con Juana Forestier en 1941, con quien continúa casado; (3) declaración jurada del propio Santaliz a los mismos fines.

El Registrador rehusó subsanar el defecto por los fundamentos que (1) las declaraciones juradas no son los documentos apropiados para subsanar defectos en el registro; (2) la certificación del matrimonio celebrado en 1941, no destruye la posibilidad de que en el 1930 estuviese casado y que cuando contrajo matrimonio en 1941 fuese viudo o

divorciado; (3) el hecho de que una persona esté casada no establece presunción en cuanto a su estado civil anterior al matrimonio. Santaliz ha radicado el presente recurso para revisar la nota del Registrador.

El Registrador actuó correctamente al negarse a subsanar el defecto a base de declaraciones juradas. En *Brac* v. *El Registrador*, 23 D.P.R. 749 dijimos a la pág. 750: "La declaración jurada (*affidavit*) que presentó el recurrente para demostrar al registrador que la vendedora era viuda cuando adquirió la finca que le vendió, y subsanar el defecto que impedía la inscripción no es el documento apropiado para tal fin porque como dijimos en el caso de *Delgado* v. *El Registrador de Caguas*, 22 D.P.R. 128, y en el de *Sucesores de Andréu & Co., S. en C.*, v. *El Regisrador* que cita, la declaración jurada (*affidavit*) es permitida generalmente para fines de la corte aunque puede usarse para otros objetos cuando la ley expresamente lo permite, sin que haya precepto alguno que autorice su uso para acreditar el carácter privativo de una propiedad." Y véanse *Capó* v. *Registrador*, 46 D.P.R. 523; *Martínez* v. *Registrador*, 62 D.P.R. 862; *Vilella* v. *Registrador*, 64 D.P.R. 424.

Ya en *Vilella* v. *Registrador*, supra, pág. 427 dijimos que el artículo 388–D de la Ley Hipotecaria no excluye los demás medios que siempre se han usado para corregir defectos como el envuelto en aquel caso que era igual al que motiva la nota objeto del presente recurso. Uno de estos medios, el adecuado para acreditar que Vicente Santaliz era soltero cuando adquirió la finca en cuestión en 1930, es mediante una información *ad perpetuam*. Como dice Morell en su obra Legislación Hipotecaria, t. 1, pág. 438, las informaciones *ad perpetuam* por no constituir títulos inscribibles fundamentales, no sirven para justificar la adquisición de inmuebles ni derechos reales, pero pueden servir para ayudar a la inscripción de títulos principales. Por ejemplo, la Resolución de 9 de diciembre de 1893 estimó que por medio de información *ad perpetuam* podía justificarse, a los efec-

tos de la inscripción, quiénes eran los hijos de determinada unión nacidos después de otorgarse un testamento. Y en la misma obra, t. 2, pág. 138, en que se trataba de corregir cierta contradicción en los asientos del Registro, se dice:

"El defecto, sin embargo, no se subsana por certificación del Alcalde, por no tener valor probatorio, ni por una nueva escritura, que sólo revela la manifestación de los interesados, ya. que el Notario sólo da fe del hecho que motiva el otorgamiento. El único medio verdaderamente legal en caso de contradicción, es una información *ad perpetuam,* en que se justifique que determinada persona usa indistintamente dos nombres o dos apellidos diferentes. Tal es la doctrina de las Resoluciones de 5 de junio de 1863, 23 de junio de 1884, 2 de julio de 1887 y 8 de octubre de 1912."

Y en *Ex parte Pérez*; 65 D.P.R. 938, en la nota 9 a la pág. 944 dijimos:

"Las informaciones *ad perpetuam* siempre se han utilizado para acreditar *hechos* en los registros públicos, siempre que de esos hechos no resulte perjuicio a tercero. Véanse las Resoluciones de la Dirección General de los Registros de España de 30 de diciembre de 1914 (Anuario de 1914, pág. 234) y 12 de enero de 1917 (Anuario de 1917, pág. 131)."

*La nota del Registrador será confirmada.*