RICARDO GONZÁLEZ CARRERO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Número 1326.

*Sometido:* 2 de abril de 1956. *Resuelto:* 31 de mayo de 1956.

*Mario Báez y García,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

El 24 de noviembre de 1954 Ricardo González Carrero otorgó escritura pública titulada "Acta de Edificación", en la que manifestaba que era viudo y legítimo dueño de cierto solar allí descrito; que en 1947 compró el referido solar a María Guenard y Roselló viuda de Cristy mediante escritura pública debidamente inscrita en el registro de la propiedad; que "siendo ya viudo" construyó en el solar, desde septiembre de 1947 a noviembre de 1948, un edificio de concreto armado, descrito en la escritura, a un costo de $25,900; que era su deseo que de esta Acta de Edificación se tomara razón en el registro para que el edificio formara parte del solar y constituyera todo una sola finca. Cuando González presentó esta escritura para ser inscrita, el registrador la inscribió "con el defecto subsanable de no acreditarse el estado civil del Sr. Ricardo González Carrero *cuando construyó la casa.*" (Bastardillas nuestras.) Contra esta nota del registrador el peticionario ha interpuesto el presente recurso gubernativo.

El registrador hace en primer lugar el siguiente argumento: "Si dicha edificación es la misma mencionada en la escritura de adquisición del solar, la misma no podría considerarse de la exclusiva pertenencia del recurrente, ya que se desconoce su estado civil para la fecha de su adquisición, lo que imposibilita el poder determinar si los herederos de su difunta esposa tienen participación en la misma. El Acta de Edificación no expresa si la anterior edificación fué destruída y en su lugar se edificó una nueva o si es una reparación o ampliación de la anterior. La simple manifestación del recurrente de que se construyó durante los años 1947 al 1948 es insuficiente para destruir o ignorar los derechos de aquellos que pudieran tener algún interés en los bienes pertenecientes a la sociedad de gananciales que existió entre el recurrente y su difunta esposa. *Vilella* v. *Registrador*, 64 D.P.R. 424."

No estamos de acuerdo. No aparece en autos la escritura mediante la cual el solar y la casa que en él enclavaba entonces fueron adquiridos en 1947. Pero el propio registrador dice en su alegato que esta escritura, que fué debidamente inscrita, manifiesta que el peticionario adquirió la referida casa y solar el 7 de julio de 1947 *siendo viudo*.[1] Por consiguiente, aun cuando supongamos que la casa que enclavaba en el solar en 1947 estuviera aún en él—ya fuere en su estado original o ya reconstruída—ninguna persona, hasta donde se desprende de los autos, podía tener interés en la casa en vista del hecho de que el peticionario era viudo cuando adquirió en 1947 el solar y la casa radicada entonces en el mismo.

Este argumento del registrador podría ser válido si al adquirir el solar el recurrente el 7 de julio de 1947, con la casa entonces en él enclavada, su estado civil era *casado*—de no acreditarse que medió liquidación y división de la sociedad de gananciales con su difunta esposa—a fin de salvaguardar cualesquiera derechos de los herederos de ésta en la referida finca. Pero hemos de suponer que el registrador, al afirmar en su alegato que "doña María Guenard y Roselló viuda de Cristy le vendió al recurrente, de estado civil viudo" el referido solar, actúa a base de las constancias del Registro, y por lo tanto, el defecto subsanable por él anotado, no va, ni puede . ir dirigido a salvaguardar tales derechos.

■ El registrador sostiene también que actuó correctamente al inscribir la escritura con el referido defecto subsanable aun suponiendo que el edificio aquí envuelto fuera uno nuevo construído entre septiembre de 1947 y noviembre de 1948. Arguye como sigue:

"Desde el punto de vista de la Ley Hipotecaria no existe presunción alguna en cuanto al estado civil de una persona y el hecho

---

[1] Las primeras dos oraciones del alegato del registrador dicen así: "Por escritura número 176 otorgada en Mayagüez el 7 de julio de 1947 ante el notario José Sabater y García, doña María Guenard y Roselló viuda de Cristy le vendió al recurrente, *de estado civil viudo*, un solar sito en la calle Fundición del barrio Sábalos de Mayagüez. En la misma escritura se hizo constar que sobre el solar existía una casa perteneciente al recurrente." (Bastardillas nuestras.)

de que fuera viudo al adquirir el solar en el año 1947 no establece presunción de que al comparecer como viudo en el Acta de Edificación en el año 1954, fuera viudo de la misma persona. *Martínez* v. *Registrador,* 62 D.P.R. 862; *Figueroa* v. *Registrador,* 31 D.P.R. 377 y *Delgado* v. *Registrador,* 23 D.P.R. 704.

"Tales hechos no excluyen la posibilidad de un matrimonio entre los años 1947 al 1954, ni la posibilidad, no importa cuán remota sea, de haberse edificado durante tal matrimonio. *Rivera* v. *Registrador,* 49 D.P.R. 160. *Por tal motivo es importante determinar el verdadero estado civil del recurrente al iniciarse la edificación ya fuera en el año 1947 o en cualquier otra época. Bacó* v. *Registrador,* 63 D.P.R. 697. La simple manifestación del recurrente de que edificó cuando era viudo es insuficiente si no se acredita debidamente. *Vilella* v. *Registrador,* 64 D.P.R. 424 y *Jaca* v. *Registrador,* 33 D.P.R. 775. El registro debe mostrar certeza contra terceros. *Benítez* v. *Registrador,* 36 D.P.R. 570.

"Uno de los medios que puede utilizar el recurrente para acreditar su verdadero estado civil es la información *ad perpetuam. Santaliz* v. *Registrador,* 71 D.P.R. 84." (Bastardillas nuestras.)

Nuevamente erró el registrador aquí. Éste descansa en casos en que el registro o el documento sometido para inscripción demuestra el posible interés de alguna otra persona. Pero aquí los hechos son diferentes. El 7 de julio de 1947, por escritura que fué debidamente inscrita, el peticionario compró el solar *como viudo.* El Acta de Edificación dice que "siendo ya viudo" el peticionario construyó la casa aquí envuelta entre septiembre de 1947 y noviembre de 1948. Opinamos que una interpretación razonable de esta manifestación es que el peticionario era viudo durante todo el período de construcción. Y nada apareciendo en el Acta de Edificación o en el registro que arroje dudas sobre este aserto, el registrador no tiene derecho a especular en cuanto a la certeza de la manifestación hecha por el peticionario en el Acta de Edificación al efecto de que él era viudo durante el período en que construyó la casa aquí envuelta. Resolver lo contrario equivaldría en efecto a exigirle a toda persona que otorgue una

escritura pública que no solamente exponga en la misma su estado civil, sino que también someta prueba de ello. (²)

*La nota del registrador será revocada y se le ordenará que inscriba el Acta de Edificación libre de defectos.*

(²) El peticionario adquirió el solar el 7 de julio de 1947 siendo viudo. Edificó el edificio aquí envuelto entre septiembre de 1947 y noviembre de 1948. Aun bajo la remota posibilidad de que el peticionario se volviera a casar y nuevamente enviudara entre estas dos fechas, el edificio que construyó durante este período, *mientras era viudo,* le pertenecía no obstante.

Además, no tiene relevancia alguna la posibilidad de que el peticionario se volviera a casar entre noviembre de 1948 y el 1954. A los fines de determinar de quién era el edificio en 1948, la cuestión a dilucidar es si el peticionario era viudo cuando se terminó aquél en 1948.